COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


NUMBER 13-00-059-CV

SAMUEL SANCHEZ, SR. AND WIFE, SHEILA SANCHEZ , BOTH INDIVIDUALLY 

AND IN BEHALF OF THE ESTATE OF THEIR DECEASED SON, SAMUEL SANCHEZ, JR., Appellants,
v.

FRANCISCO J. RODRIGUEZ , LAW OFFICES OF RODRIGUEZ, PRUNEDA, ABREGO & TOVAR 

(JOINTLY AND EACH PARTNER INDIVIDUALLY), LAW OFFICES OF RODRIGUEZ, PRUNEDA, ABREGO, 

TOVAR & GARZA (JOINTLY AND EACH PARTNER INDIVIDUALLY), LEO PRUNEDA, EVERARDO ABREGO, 

EZEQUIEL TOVAR, AND ROGELIO GARZA, ALL INDIVIDUALLY AND AS PARTNERS IN LAW OFFICES 

OF RODRIGUEZ, PRUNEDA, ABREGO & TOVAR AND LAW OFFICES OF RODRIGUEZ, PRUNEDA, 

ABREGO, TOVAR & GARZA, Appellees.

___________________________________________________________________

__________________________________________________________________


NUMBER 13-00-060-CV



SAMUEL SANCHEZ, SR. AND WIFE, SHEILA SANCHEZ, BOTH INDIVIDUALLY

AND IN BEHALF OF THE ESTATE OF THEIR DECEASED SON, SAMUEL SANCHEZ, JR., Appellants,


v.

RAUL RODRIGUEZ A/K/A RAUL "RUDY" RODRIGUEZ, INDIVIDUALLY AND D/B/A 

LAW OFFICES OF RAUL RODRIGUEZ, Appellee.

__________________________________________________________________


On appeal from the 206th District Court of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez


The trial court granted motions for summary judgment, sanctions and protective orders in favor of appellees, Raul
Rodriguez (Rudy) (1) and Francisco J. Rodriguez (Frank). (2) Appellants, Samuel and Sheila Sanchez, Sr, contend the trial
court erred in granting these motions. Appellants also complain that the trial court erred in not granting their motions for
continuance, their motion for leave to file a supplemental response to Frank's summary judgment, and their motion to
compel Frank, individually, to answer certified deposition questions. Finally, appellants contend the court erred in denying
their motion for new trial. We affirm in part, and reverse and remand in part.

I. PROCEDURAL HISTORY

In the underlying lawsuit, appellants sued General Motors Corporation (GM) for the wrongful death of their son. (3) On
October 5, 1992, appellants retained Rudy who associated with Frank to pursue appellants' legal claims against GM. On
January 27, 1993, appellants settled with GM for $900,000.00.

In 1995, dissatisfied with the settlement, appellants sued GM and its counsel, Joe E. Garcia, claiming GM and Garcia
defrauded them by settling their case for less than its true value. The case was removed to federal court. Appellants
voluntarily dismissed GM without prejudice. The court dismissed their claims against Garcia, with prejudice. On July 11,
1997, appellants filed the current lawsuit against appellees asserting the following causes of action: negligence, gross
negligence and professional negligence (legal malpractice), breach of warranty, breach of contract, violation of the Texas
Deceptive Trade Practices Act (DTPA), fraud, and civil conspiracy. (4)

On May 28, 1999, appellees filed motions for summary judgment. The trial court set June 18, 1999, as the submission date
for each motion. After appellants complained of Rudy's untimely notice, his submission date was reset to August 11,
1999.(5) Appellants timely filed their responses to the summary judgment motions. On July 8, 1999, appellants filed their
second amended petition adding Wilfrido (Willie) Rogelio Garcia as a co-defendant (6) and, for the first time, asserting
breach of fiduciary duty against appellees. On August 11, 1999, after Frank's submission date and on Rudy's submission
date, without leave of court, appellants filed supplemental responses to the motions for summary judgment. That same day,
the trial court heard appellants' motions for continuance of the submission dates. Neither summary judgment motion was
argued at the hearing. (7) Approximately one week later, appellants filed motions for leave to file their supplemental
responses to appellees' motions. On September 14, 1999, without expressly ruling on appellants' motions for continuance
or their motions for leave to file their supplemental responses, the trial court granted summary judgments in favor of
appellees. The court severed appellants' causes of action against appellees from the remaining defendants, GM and Willie
Garcia, and denied appellants' motions for new trial. Appellants filed two appeals in this case, Sanchez, et al., v. Frank
Rodriguez, et al., No. 13-00-059-CV, and Sanchez, et al., v. Raul Rodriguez, et al., No 13-00-060-CV. 

II. SUMMARY JUDGMENTS

Appellants' fundamental complaint in this appeal is that the trial court erred in granting appellees' motions for summary
judgment.

A. Standard of Review

We must first determine whether the trial court granted the summary judgments on traditional grounds or "no-evidence"
grounds, the determination of which will necessarily affect our review of this case. This is a critical distinction that must
be made in an effort to avoid improperly shifting the burden of proof. See Murray v. Dyke, 41 S.W.3d 746, 750, 751 n.3
(Tex. App.--Corpus Christi 2001, no pet.). The movant seeking summary judgment on traditional grounds must establish
that no genuine issue of material fact exists to be entitled to judgment as a matter of law, whereas, the movant in a
no-evidence summary judgment need only state the elements for which there is no evidence, and no evidence need be
attached. See Tex. R. Civ. P. 166a(c) & 166a(i); Murray 41 S.W.3d at 750-51. The no-evidence summary judgment shifts
the burden of proof to the respondent to present enough evidence to be entitled to a trial. See Lampasas v. Spring Ctr., Inc.,
988 S.W.2d 428, 432 (Tex. App.--Houston [14th Dist.] 1999, no pet.); see also Murray, 41 S.W.3d at 750-51. Importantly,
in Murray, we concluded "[w]hen it is not readily apparent to the trial court that summary judgment is sought under rule
166a(i), the court should presume that it is filed under the traditional summary judgment rule and analyze it according to
those well-recognized standards." Id. at 751. 

We look, therefore, to the record to determine how we will review appellees' motions for summary judgment. Although
appellees assert they filed "no-evidence" motions, they intermix language from the traditional summary judgment rule and
the no-evidence rule; assert affirmative defenses; fail to clearly state under which rule summary judgment is sought; and
attach and incorporate evidence that would be appropriate for a traditional motion, but not for a no-evidence motion.
Further, the orders do not assist this Court because they do not clarify whether the motions were granted on no-evidence or
traditional grounds. See id. at 751 (order granting summary judgment should clarify whether motion is granted on
no-evidence grounds or traditional grounds). Because it is not readily apparent to this Court that appellees sought summary
judgments under rule 166a(i), we will presume that the summary judgment motions were filed under the traditional rule and
analyze them according to those well-recognized standards. See id.

We will review the trial court's granting of the motions de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.--Corpus Christi 2000, pet.
denied). In reviewing a traditional motion for summary judgment, the movant must demonstrate (1) that there existed no
genuine issue of material fact regarding an essential element of the plaintiff's case, and (2) that judgment should be granted
as a matter of law. SeeTex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If the
movant negates an element of the plaintiff's claim, the plaintiff must produce controverting evidence raising a fact issue on
the element or elements negated. See Stolle v. Baylor Coll. of Med., 981 S.W.2d 709, 712 (Tex. App.--Houston [1st Dist.]
1998, pet. denied). We must presume all evidence favorable to the non-movants to be true, and indulge all reasonable
inferences and resolve any doubts in their favor. See Nixon, 690 S.W.2d at 548-49. "The motion for summary judgment
shall state the specific grounds therefor." Tex. R. Civ. P. 166a(c). The motion must stand or fall on the grounds expressly
presented in the motion. See id.; McConnell v. Southside Indep. Sch. Dist, 858 S.W.2d 337, 341 (Tex. 1993).B. Appellants'
Motion for Leave to File Supplemental Response

to Frank's Motion for Summary Judgment

Appellants contend the trial court erred in not granting their motion for leave to file their supplemental response to Frank's
summary judgment motion. (8) Texas Rule of Civil Procedure 166a(c) provides "[e]xcept on leave of court, the adverse
party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written motions."
Tex. R. Civ. P. 166a(c). Appellants' supplemental response was filed August 11, 1999, approximately three weeks after
Frank's submission date; therefore, leave of court was required. See id. At the August 11 hearing on their motion for
continuance, appellants requested leave to file their supplemental response. The written motion, however, was not filed
until August 17, 1999, almost one month after the submission date. No ruling was made at the hearing and no written order
appears in the record.

The trial court must either expressly or implicitly rule on a motion in order for a complaint to be preserved for our
review.See Tex. R. App. P. 33.1(a)(2)(A). "A ruling is implicit if it is unexpressed but capable of being understood from
something else." Well Solutions, Inc., v. Stafford, 32 S.W.3d 313, 316 (Tex. App.--San Antonio 2000, no pet.) (citing
Webster's Third New International Dictionary 1135 (1981)). In this case, there is no express ruling on appellants' motion.
However, the order granting Frank's motion for summary judgment provides that the trial court considered the pleadings,
the motions, plaintiff's response, the evidence presented and the argument of counsel. Importantly, the words, "Plaintiff's
Response," singular not plural, are handwritten on the order, inserted between the words "motions," and "the evidence." It
is apparent from the order that the court considered appellants' response. However, the words "supplemental response" do
not appear in the order. We conclude, therefore, from the wording of the order that the court did not consider the
supplemental response in arriving at its conclusion to grant Frank's motion, thereby implicitly denying appellants' motion
for leave to file their supplemental response. Because the court implicitly ruled on the motion, appellants' complaint is
preserved for our review. SeeTex. R. App. P. 33.1(a)(2)(A); cf. Aparicio v. Morgan, 868 S.W.2d 16, 18 (Tex.
App.--Corpus Christi 1993, no writ) (leave must be affirmatively indicated in record; otherwise we presume trial court did
not consider late response).

A trial court's decision to deny leave to file a late response will not be disturbed on appeal absent a clear abuse of
discretion. See White v. Independence Bank, N.A., 794 S.W.2d 895, 900 (Tex. App.--Houston [1st Dist.] 1990, writ
denied). In deciding whether a trial court has abused its discretion, the test is whether the court acted without reference to
guiding rules or principles, or whether the action was arbitrary and unreasonable. See Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

Appellate courts have upheld a trial court's denial of leave to file a late response when a non-movant had a month or less to
file a response. See e.g., Atkins v. Tinning, 865 S.W.2d 533, 535 (Tex. App.--Corpus Christi 1993, writ denied) (no abuse
of discretion when non-movant had eighteen days to prepare a response); Bell v. Moores, 832 S.W.2d 749, 755 (Tex.
App.--Houston [14th Dist.] 1992, writ denied) (no abuse of discretion for denying leave where non-movant had over a
month to file response); White, 794 S.W.2d at 901 (trial court did not abuse its discretion in denying leave where
non-movant had two weeks to prepare response). "[I]t is incumbent upon all movants and respondents to devote particular
attention to the time limits applicable to summary judgment practice." White, 794 S.W.2d at 899 (citing Yates v. Equitable
Gen. Ins. Co. of Tex., 672 S.W.2d 822, 827 (Tex. App.--Houston [1st Dist.]), aff'd, 684 S.W.2d 669 (Tex. 1984)).

Almost two years had passed between the date appellants filed their original petition and May 28, 1999, the date Frank filed
his motion for summary judgment. The submission date was set for June 18, 1999. This allowed appellants twenty-one
days to file their response. It was filed timely on June 11, 1999. Appellants' supplemental response, however, was filed two
months later on August 11, 1999, after the submission date. Furthermore, appellants' written motion for leave to
supplement their response was not filed until August 17, 1999. Under the facts in this case, we cannot conclude that the
trial court abused its discretion in denying appellants' motion for leave to file a late response. Moreover, it is apparent from
our review of the record that appellants were aware of the evidence they wished to supplement or were aware of the need to
provide an opinion relying on the evidence, even before their original response was filed. The trial court did not err in
denying appellants' motion for leave to supplement their response to Frank's motion. Appellants' supplemental response
was not properly before the trial court in the summary judgment proceedings. See Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex. 1996). Appellants' fourth point of error in their appeal against Frank is overruled.

C. Challenges to Summary Judgment EvidenceAppellants argue the trial court erred in granting appellees' motions for
summary judgment because the motions were based on improper summary judgment evidence, specifically the deposition
testimony of George Powell.

Appellants first complain that Powell's testimony should not be considered by this Court because it relates to
unsubstantiated factual and legal conclusions related to the circumstances surrounding the underlying wrongful death
action. As such, appellants assert the evidence will not support a summary judgment. Preservation of error requires a
timely objection that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds are apparent from the content. See Tex. R. App. P. 33.1; see also Tex. R. Evid.
103(a)(1). "[T]he grounds supporting an objection made during trial must conform with the argument supporting the
corresponding point of error on appeal." Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc., 927 S.W.2d 146, 151 (Tex.
App.--Corpus Christi 1996, no writ) (citations omitted). When the grounds for an objection made to the trial court are not
the same as the grounds urged on appeal, there is nothing presented for appellate review. Id. Having reviewed the record,
we conclude the grounds urged now on appeal--unsubstantiated factual and legal conclusions related to the circumstances
surrounding the underlying wrongful death action--were not made to the trial court. Therefore, we may not consider them
on appeal. See Tex. R. App. P.33.1; Arroyo Shrimp Farm, 927 S.W.2d at 151. (9)

Appellants also generally complain that Powell's deposition testimony consists of conclusory hearsay statements, including
legal conclusions. (10) They made this same general objection to the trial court. Because of the nature of the objection, we
cannot determine the specific statements about which they complain. We conclude appellants' objection was not
sufficiently specific to apprise the trial court of this objection, nor was it apparent from the content. See Tex. R. App. P.
33.1. Appellants have not preserved this objection for our review. (11)

D. Summary Judgments on DTPA, Fraud, Breach of Contract,

and Negligence Claims



Appellees moved for summary judgment on appellants' DTPA, fraud, breach of contract, and negligence claims, asserting,
among other grounds, appellants had not established the damage element of each cause of action. In support of this
argument, appellees relied on the following excerpt from the deposition of their expert witness, Attorney George Powell:

 

 

 

 


 I'd like you to make an assumption that the Sanchez family settled this case for $900,000.




 

 

 

 


 All right.




 

 

 

 


 Now, making that assumption, I'd like to ask you, based upon your knowledge, experience, training and investigation in
this case, are you able to form an opinion about whether $900,000 would be a reasonable or unreasonable amount of
money to settle all of the Sanchez family claims against General Motors or any other possible defendant?




 

 

 

 


 Okay. Yeah.




 

 

 

 


 And what would that opinion be, sir?




 

 

 

 


 Based on the information available at that time, I would say it was reasonable, based on the information available at that
time.




 

 

 

 


 That time being the time in -- the last point at which you handled the case.




 

 

 

 


 Right. When I got that call out in Santa Fe or Carmel.




Presuming all evidence favorable to appellants to be true, and indulging all reasonable inferences and resolving any doubts
in their favor, we conclude that through Powell's testimony, appellees negated the damage element of appellants' DTPA,
fraud, breach of contract, and negligence claims. See Nixon, 690 S.W.2d at 548-49. In response, appellants were required
to produce controverting evidence raising a fact issue on the negated damage element. See Stolle, 981 S.W.2d at 712.
Appellants provided no controverting evidence on damages. Accordingly, the trial court did not err in granting summary
judgments in favor of Rudy and Frank on appellants' claims of fraud, breach of contract, negligence, and violations of the
DTPA.

E. Summary Judgments on Civil Conspiracy Claim

Actionable civil conspiracy is defined as a combination by two or more persons to accomplish an unlawful purpose by
unlawful means. See Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). The essential elements of this cause
of action are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course
of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. See id.

1. Civil Conspiracy Against Frank

Frank moved for summary judgment on appellants' civil conspiracy claim asserting appellants had not proven damages.
Based on the above analysis, we conclude the trial court did not err in granting a summary judgment in Frank's favor on
appellants' civil conspiracy claim.

2. Civil Conspiracy Against Rudy

Rudy also moved for summary judgment on appellants' civil conspiracy claim. Rudy did not, however, address the damage
element. He did urge that appellants had not established that he had committed an unlawful act. Because we have
determined this is a traditional summary judgment review, Rudy must have demonstrated that there existed no genuine
issue of material fact regarding this essential element of the plaintiff's case, and that judgment should be granted as a matter
of law. See Tex. R. Civ. P. 166a(c);Nixon, 690 S.W.2d at 548-49 (Tex. 1985). Because Rudy directs us to nothing that
negates the unlawful act element of appellants' civil conspiracy claim, we conclude the trial court erred in granting Rudy's
summary judgment on this basis. See Tex. R. Civ. P. 166a(c); McConnell, 858 S.W.2d at 341.

3. Rudy--Other Grounds to Support Summary Judgment on Civil Conspiracy Claim

The trial court did not provide its basis for granting Rudy's summary judgment on the civil conspiracy cause of action.
When a summary judgment order does not specify the grounds upon which the ruling was granted, we will affirm the
judgment if any one of the theories advanced in the motion is meritorious. See State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993). The party appealing from a summary judgment that does not recite the grounds on which it
is granted assumes the burden of pointing the appellate court to competent summary judgment evidence in the record
establishing that none of the independent grounds which were asserted in the motions are sufficient to support the
judgment. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Consequently, if any of the grounds in the motion are
meritorious, we must affirm. See id.

Accordingly, we must now determine whether any other ground asserted supports the granting of Rudy's summary
judgment on the civil conspiracy claim. Rudy urges a statute of limitations bar as an independent ground on which his
summary judgment motion should be granted. However, appellants assert their suit was filed within the requisite time
period, based upon the earliest opportunity in which they could have discovered the existence of a cause of action.
Appellants refer us to Mrs. Sanchez's deposition wherein she stated appellants first learned that their wrongful death case
may have been resolved through the secret agreement of appellees and others, within two years of the suit being brought.
Appellees do not challenge the competency of this evidence. We conclude, therefore, appellants have pointed us to
competent summary judgment evidence in the record controverting Rudy's contentions and creating a fact issue precluding
summary judgment on that basis. See id. Therefore, the independent ground of limitations is not sufficient to defeat
appellants' civil conspiracy claim against Rudy.

F. Summary Judgment on Breach of Warranty Claim

In addition to allegations of contractual breach, appellants claim appellees:

breached their warranty and agreement by not having the requisite knowledge and competency to handle the claims and/or
litigation in issue, by not keeping abreast of the current status of similar product liability claims, by not properly advising
[appellants], by not properly handling wrongful death and product liability claims, and by not providing [appellants] with
competent, excellent, and reasonable legal services as warranted. . . .



In the summary judgment motions, appellees only address the breach of contract cause of action, not the alleged breach of
warranty claims. Because breach of warranty was not addressed, and without deciding whether breach of warranty was
pleaded independent of other actions, we conclude the trial court erred in granting summary judgments in favor of Rudy
and Frank on this claim. See Tex. R. Civ. P. 166a(c);McConnell, 858 S.W.2d at 341. 

Because appellees did not include breach of warranty in their summary judgment motions, we need not determine whether
any other asserted ground may have supported the granting of summary judgments on this cause of action. See Tex. R. Civ.
P. 166a(c); McConnell, 858 S.W.2d at 341.G. Summary Judgment on Breach of Fiduciary Duty Claim

1. Breach of Fiduciary Duty Against Rudy

On July 9, 1999, more than one month before Rudy's August 11 submission date, appellants timely filed their second
amended petition asserting, for the first time, breach of fiduciary duty. See Tex. R. Civ. P. 64 (parties may amend
pleadings at any time as not to operate as a surprise to opposite party, unless within seven days of trial and then only with
leave of court). Rudy does not claim surprise. Nor does his summary judgment motion address this cause of action.
Accordingly, the trial court erred in granting summary judgment on this claim. See Tex. R. Civ. P. 166a(c); McConnell,
858 S.W.2d at 341. Furthermore, because Rudy did not include breach of fiduciary duty in his motion, we need not
determine whether any other asserted ground may have supported the granting of the summary judgment on the cause of
action. See Tex. R. Civ. P. 166a(c); McConnell, 858 S.W.2d at 341.

2. Breach of Fiduciary Duty Against Frank

Appellants, however, filed their second amended petition after Frank's June 18 submission date. Furthermore, the record is
silent as to any permission of the court to file pleadings after the submission date.

It is well-settled summary judgment law that if a non-movant for summary judgment (1) files an amended pleading after the
summary judgment hearing and (2) the amended pleading raises an additional claim not mentioned in the summary
judgment motion, then the trial court does not err in granting the summary judgment motion because "the pleadings . . . on
file at the time of [submission], or filed thereafter and before judgment with permission of the court, show . . . there is no
genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."



Automaker, Inc. v. C.C.R.T. Co., 976 S.W.2d 744, 745 (Tex. App.--Houston [1st Dist.] 1998, no pet.) (quoting Tex. R. Civ.
P. 166a(c)); see Taylor v. Sunbelt Mgmt., Inc., 905 S.W.2d 743, 745 (Tex. App.--Houston [14th Dist.] 1995, no writ).
Non-movants must secure the court's permission in order to file an amended pleading after the hearing/submission date. See
Automaker, Inc., 975 S.W.2d at 745. Here appellants filed their second amended petition after Frank's submission date and
without leave of court. Therefore, the amended petition could not be considered in Frank's summary judgment
proceeding.See id. The trial court did not err in granting Frank's summary judgment on appellants' breach of fiduciary
claim.

Accordingly, we overrule appellants' sixth point on the DTPA, fraud, breach of contract, negligence, civil conspiracy, and
breach of fiduciary duty causes of action as to Frank and on the DTPA, fraud, breach of contract, and negligence causes of
action as to Rudy. We sustain appellants' sixth point on the breach of warranty cause of action as to Frank and on the
breach of warranty, breach of fiduciary duty, and civil conspiracy causes of action as to Rudy.

III. APPELLANTS' MOTIONS FOR CONTINUANCE

Appellants contend that the trial court erred in not ruling on their motions for continuance of appellees' submission dates to
provide adequate opportunity for discovery. See Tex. R. Civ. P. 166a(g). Because the court granted both motions for
summary judgment, we conclude the court implicitly denied appellants' motions for continuance. Thus, appellants' issue is
preserved for our review. See Tex. R. App. P. 33.1(a)(2)(A).

The determination to allow more time for discovery is within the trial court's discretion. See Tenneco, Inc. v. Enter. Prods.
Co., 925 S.W.2d 640, 647 (Tex. 1996); Laughlin v. Bergman, 962 S.W.2d 64, 65 (Tex. App.--Houston [1st Dist.] 1997, pet
denied). In deciding whether the trial court abuses its discretion in denying a ruling on a rule 166a(g) continuance, we find
the following illustrative factors set out by the Houston Court in Laughlin useful: (1) the length of time the case had been
on file; (2) the materiality of the discovery sought; and (3) whether the party seeking the continuance exercised due
diligence in attempting to obtain the discovery sought. See Laughlin, 962 S.W.2d at 65-66 (citation omitted). 

The present suit was filed in July 1997. The case was removed to and remanded from federal court before discovery began
in September 1998. Written discovery was exchanged and depositions noticed and taken until appellees' motions for
summary judgments were submitted. Also, numerous discovery motions regarding requested discovery from both sides
were filed. After the granting of the summary judgments, discovery continued as to the remaining defendants, GM and
Willie Garcia. While the length of time the case has been on file, the first factor, may favor appellees, it appears from the
record and from appellants' counsel's affidavit that appellants exercised due diligence in attempting to obtain the discovery
sought. Therefore, the third factor weighs in favor of appellants. The second factor--the materiality of the discovery
sought--is, therefore the determining factor in this case. 

According to appellants, the discovery sought related to alleged kickback checks. (12) However, in moving for summary
judgment, appellees specifically stated that even if the "kickback" allegations were true, which they denied, appellees were
entitled to judgment as a matter of law. For the purposes of the summary judgment proceedings, appellees assumed,
without admitting, that the kickback occurred.

Thus, the discovery of evidence sought by appellants would not have presented a fact issue on the damage issue. Because
appellees admitted the kickback allegations for the purposes of the summary judgment proceedings, the checks would not
have rebutted the summary judgment grounds asserted by appellees in their motions. The second factor, therefore, weighs
in favor of appellees. Accordingly, we conclude the trial court did not abuse its discretion in denying a ruling on appellants'
rule 166a(g) motion for continuance. Appellants' third point of error as to Frank, and their fourth point as to Rudy, are
overruled.IV. APPELLANTS' MOTIONS TO COMPEL ANSWERS TO CERTIFIED QUESTIONS

Appellants also assert the trial court erred in not granting their motion to compel Frank to answer certified deposition
questions before the summary judgments were granted. It is undisputed that the trial court did not enter an express order
either granting or denying this motion. (13) Nor do appellants now assert that the trial court refused to rule and they objected
to such refusal. Therefore, the only basis upon which this issue could have been preserved is if the record supports the
conclusion that the trial court implicitly ruled on appellants' motion to compel answers to certified questions. We find no
references in the record, and appellants point us to none, that support such an implicit ruling. Moreover, we cannot
conclude that by the granting of the summary judgment, the trial court implicitly ruled on this motion. Therefore, we
conclude appellants have not preserved this point for our review. See Tex. R. App. P. 33.1. Appellants' second point of
error as to Frank and their third point as to Rudy are overruled.

V. APPELLEES' MOTIONS FOR PROTECTIVE ORDERSBy point one as to Frank and points one and two as to Rudy,
appellants contend the trial court erred in granting appellees' motions for protective orders. Appellants generally assert that
Frank did not make proper objections, assert specific privileges, and neither Frank nor Rudy produced any evidence to
support their claims. We review a trial court's discovery rulings based on an abuse of discretion standard. See Gen. Tire,
Inc. v. Kepple, 970 S.W.2d 520, 526 (Tex. 1998).

Rudy filed his motion for protection objecting to three requests, one of which was later resolved, in the subpoena duces
tecum issued in conjunction with appellants' notice to take Rudy's deposition; (14) Frank objected to five requests in the
subpoena duces tecum attached to his deposition notice. (15)

 The court granted the motions as to five of the objections, and granted the motion in part on the two remaining objections.
On appeal, appellants assert only that appellees failed to present evidence of privilege which would justify protection of the
documents from disclosure. See Peeples v. Hon. Fourth Sup. Jud. Dist., 701 S.W.2d 635, 637 (Tex. 1985) (burden on party
asserting privilege from discovery to produce evidence concerning applicability of particular privilege). It is undisputed,
however, that appellees asserted numerous grounds in opposing production of the requested documents. Frank objected
that the requested discovery was (1) vague, ambiguous, overly broad, (2) unduly burdensome, (3) harassing, and (4)
violative of Frank's privacy rights as well as the privacy rights of his clients and business associates. Both Rudy and Frank
objected that none of the requested documents at issue were relevant, or calculated to lead to the discovery of relevant
documents.

The trial court granted the motion on the grounds that one of the challenged requests was overbroad. The court generally
granted the motion, without specifying the grounds, as to all other challenged requests. Appellants have not asserted the
trial court erred in granting protection from discovery on any ground other than privilege. By failing to attack all grounds
upon which the trial court decision may have been based, appellants have failed to preserve this argument for review. Cf.
K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000) (because trial court did not specify ground for excluding
testimony, its ruling will be affirmed if any ground is meritorious). Furthermore, to the extent appellants' argument could
be construed to suggest evidence is required for relevancy objections, the Texas Supreme Court has held evidence is not
required in support of an assertion relating to discovery when evidence is unnecessary to decide the matter. See In re Union
Pac. Res. Co., Inc., 22 S.W.2d 338, 340-41 (Tex. 1999).

We conclude the trial court did not abuse its discretion in granting appellees' motions for protective orders. Appellants'
first point as to Frank, and their first and second points as to Rudy, are overruled.

VI. APPELLEES' MOTIONS FOR SANCTIONS

By their fifth point of error as to each appellee, appellants contend the trial court erred in granting appellees' motions for
sanctions and disallowing further discovery, and ordering a monetary sanction in the amount of $2,572.50 in favor of Rudy
and $6,550.00 in favor of Frank.

On April 7, 1999, appellees filed motions for sanctions, asserting appellants had abused the discovery process by failing
and refusing to appear for their depositions. They challenged appellants' assertion that there was an agreement with Frank
that he would give his deposition before appellants gave their depositions. By supplemental motion filed on April 26,
1999, Frank also asserted appellants abused the discovery process by serving a subpoena and deposition on written
questions to Texas State Bank seeking discovery of Frank's IOLTA account records, without copying counsel for appellees,
and by failing to comply with the court protective order related to items requested in a deposition subpoena duces tecum.
On April 30, 1999, the court conducted a hearing on the motions for sanctions. On September 10, 1999, the trial court
signed two orders finding appellants and their counsel had "repeatedly abused the discovery process in seeking and
resisting discovery, in filing frivolous motions, and in serving subpoenas duces tecum which [were] unreasonably frivolous,
oppressive and harassing." (16) As sanctions the trial court disallowed further discovery of any kind, and ordered appellants
to pay $6,550.00 to Frank and $2,572.50 to Rudy. 

Rule 215(3) authorizes the trial court to impose an appropriate sanction when it finds that a party has abused the discovery
process. In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding) (citing Tex. R. Civ. P. 215(3)).
Sanctions imposed under rule 215 must, however, be just under the circumstances. Id. (citing Tex. R. Civ. P.
215(3);TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991)). The following factors are to be
considered in determining whether the sanctions imposed by the trial court are just: (1) whether there is a direct
relationship between the offensive conduct and the sanctions which necessarily requires a determination of whether the
underlying conduct actually constitutes an abuse of the discovery process; and (2) whether the sanctions are excessive. Id.
(citing TransAmerican, 811 S.W.2d at 917). 

Basic to the trial court's conclusion that appellants abused the discovery process are its unchallenged findings that (1)
appellants "unreasonably refused to proceed with [Frank's] deposition on March 23, 1999, causing [Frank] and his counsel
to incur needless expense and loss of time;" (2) appellants refused to appear for their depositions just prior to the time for
their depositions, resulting in expenses and costs to Rudy and Frank; (3) appellants admitted there was no agreement to
depose Frank prior to appellants' deposition as earlier purported and contended in their motion for protective order; and (4)
appellants failed to timely provide appellees with notice of two subpoenas served on Texas State Bank in an effort to obtain
Frank's IOLTA account records, one of which was a notice for deposition on written questions. Without addressing each of
the trial court's findings, the record supports these bases for the trial court's determination that appellants abused the
discovery process, satisfying the first factor.

We next must determine whether the sanctions were excessive. See In re Ford Motor Co., 988 S.W.2d at 718
(citingTransAmerican, 811 S.W.2d at 917). Appellants maintain that the order disallowing any further discovery,
amounted to an improper and unreasonable death penalty sanction. Furthermore, they complain that the ordering of
monetary sanctions payable in thirty days as to Frank and in ten days as to Rudy amounted to an abuse of discretion.
However, the order does not strike appellants' pleadings or otherwise purport to dismiss appellants' case on the merits
because of the discovery abuse. The depositions of the parties had already been taken and the order did not preclude further
discovery by appellants against the remaining defendants. Also, four days after the sanctions order was signed, the trial
court signed the summary judgment orders in favor of appellees. Additionally, we conclude the monetary sanctions and the
timely payment of the sanctions were not excessive for the time and expenses related to the discovery abuse that were
incurred by each appellee.(17) 



Accordingly, we conclude the sanctions were not excessive.

Appellants' fifth point as to each appellee is overruled.

VII. MOTION FOR NEW TRIAL

By their seventh point, appellants contend the trial court erred in denying their motions for new trial. A trial court has wide
discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent a showing of abuse of
discretion. See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); Delgado v. Hernandez, 951 S.W.2d 97, 98 (Tex.
App.--Corpus Christi 1997, no writ).

Appellants generally contend that the trial court abused its discretion by granting the summary judgments and denying them
additional discovery. Appellants refer this Court to their arguments and authorities set forth in their first six points of error
and incorporate them into this point of error. However, appellants provide us with no specific authority or arguments
related to the appeal of the denial of a motion for new trial, as required by appellate rule 38.1. See Tex. R. App. P. 38.1(h)
(appellant's brief must contain argument and authorities for contentions made). Appellants have not preserved this point
for our review. Furthermore, having already discussed the issue of additional discovery and the granting of the summary
judgments, we need not discuss the matters further. We overrule appellants' seventh point of error as to each appellee.

Accordingly, we affirm the trial court's judgments on appellants' DTPA, fraud, breach of contract, negligence, civil
conspiracy, and breach of fiduciary duty causes of action as against the Francisco J. Rodriguez appellees, and on the DTPA,
fraud, breach of contract, and negligence causes of action as against Raul Rodriguez. The judgments are reversed and
remanded on appellants' breach of warranty cause of action as against the Francisco J. Rodriguez appellees, and on the
breach of warranty, breach of fiduciary duty, and civil conspiracy causes of action as against Raul Rodriguez.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 23rd day of August, 2001.

1. Raul Rodriguez (Rudy) was sued as Raul Rodriguez, a/k/a Raul "Rudy" Rodriguez, Individually and d/b/a Law Offices
of Raul Rodriguez.

2. The Frank Rodriguez appellees include Fransciso J. Rodriguez, Law Offices of Rodriguez, Pruneda, Abrego & Tovar
(jointly and each partner individually), Law Offices of Rodriguez, Pruneda, Abrego, Tovar & Garza (jointly and each
partner individually), Leo Pruneda, Everardo Abrego, Ezequiel Tovar, and Rogelio Garza, all individually and as partners
in Law Offices of Rodriguez, Pruneda, Abrego & Tovar and Law Offices of Rodriguez, Pruneda, Abrego, Tovar & Garza.
They will be referred to collectively as Frank.

3. Appellants' son, Samuel Sanchez, Jr., died in a one-car accident.

4. In their petition, appellants alleged appellees conspired with GM Counsel Joe Garcia to settle the underlying wrongful
death lawsuit for less than its true value. As part of the alleged conspiracy, appellants claimed appellees paid Garcia a
"kickback." Solely for the purpose of the summary judgment and appellate arguments, appellees admit as true appellants'
"kickback" allegations.

5. On appeal, Rudy asserts his submission date was June 18, 1999. However, the record establishes the trial court reset
Rudy's submission date to August 11, 1999, apparently on the basis that his motion failed to provide the required
twenty-one day notice of the hearing/submission date. See Tex. R. Civ. P. 166a(c).

6. Appellants sued co-defendant GM in their first amended petition.

7. Although appellants contend Frank's motion for summary judgment was argued and thus submitted on August 11, 1999,
it is apparent from the transcript of the hearing, the trial court did not hear arguments on either summary judgment motion.
The trial court emphasized that the August 11 hearing was being conducted only on appellants' motions for continuance of
the submission/hearing dates and not for the purposes of arguing the motions for summary judgment. Frank's submission
date, therefore, remained June 18, 1999, and Rudy's remained August 11, 1999, as set out above.

8. Appellants do not raise this issue in their appeal against Rudy.

9. An objection claiming an affidavit contains conclusions is one that relates to a defect in substance and may be raised for
the first time on appeal. See Rizkallah v. Conner, 952 S.W.3d 580, 829 (Tex. App.--Houston [1st Dist. 1997, no writ);Lara
v. Tri-Coastal Contractors, Inc., 925 S.W.2d 277, 279 n.3 (Tex. App.--Corpus Christi 1996, no writ); see also Tex. R. Civ.
P. 166a(c), (f). However, the complaint appellant raises for the first time in this appeal is to deposition testimony filed in
support of a summary judgment, not to an affidavit. Rule 199.5(e) allows objections during oral depositions to the form of
questions, to questions that are leading, and to testimony that is unresponsive. These objections are waived if not stated as
phrased during the oral deposition. See Tex. R. Civ. P. 199.5(e). "All other objections need not be made or recorded
during the oral deposition to be later raised with the court." Id. (emphasis added). We conclude that because this
objection was not raised with the trial court in the summary judgment proceeding, it has been waived.

10. Appellants refer this Court to "said affidavit," yet no such affidavit appears in the record. We assume appellants'
objection is to Powell's deposition testimony.

11. In their appeal of the court's ruling on Frank's motion, appellants also contend Dr. Di Maio's report and Frank's affidavit
are improper summary judgment proof. We first note their objections to the form of the affidavit were not timely made to
the trial court. Therefore, we may not consider them. See Tex. R. App. P. 33.1; Garcia v. Willman, M.D., 4 S.W.3d 307,
311 (Tex. App.--Corpus Christi 1999, no pet) (citing Tex. R. Civ. P. 166a(f)). Furthermore, having concluded appellants
did not preserve error as to Powell's deposition testimony, we need not address appellant's contentions regarding other
alleged defects in the report or affidavit.

12. Appellants contend the trial court should have continued discovery to allow them time to secure Frank's response to
certified deposition questions which appellants contend were critical to the matter of a check or checks issued to Joe E.
Garcia as a result of the alleged kickback scheme. Appellants argue that additional time was necessary to secure bank
documents that were being considered in camera by the trial court. The bank documents reviewed by the trial court and
subsequently produced by order of the court included checks written from the trust account of Frank Rodriguez to GM's
local counsel Joe Garcia. Appellants also contend that the deposition of Wilfrido Rogelio Garcia was necessary to develop
material evidence regarding newly discovered cashiers' checks made payable to "Mary Garcia."

13. We note that almost one year after the granting of the summary judgments, the trial court partially granted appellants'
motion to compel Frank to answer deposition questions related to the checks at issue.

14. Rudy objected as follows:



Request 21: (Objection withdrawn.)



Request 23: Any and all documents evidencing any previous or subsequent referrals from [Rudy] to [Frank] involving
personal injuries and/or wrongful death claims.



Objection: The requested documents are not relevant, nor are the documents requested calculated to lead to the discovery of
relevant documents. In addition, producing the documents would violate the attorney-client privilege. . . .



Request 24: Any and all documents evidencing any pervious [sic] or subsequent claims or litigation prosecuted or referred
by [Rudy] against General Motors Corporation involving personal injuries and/or wrongful death claims.



Objection: The requested documents are not relevant, nor are the documents requested calculated to lead to the discovery of
relevant documents. In addition, producing the documents would violate the attorney-client privilege. . . .

15. Frank objected as follows:



Request 3: All monthly bank statements for the months of January, February, and March, 1993, on each of [Frank's] bank
accounts in which he is authorized to withdraw or deposit or in which he has an interest.



Objection: This request is vague, ambiguous, overly broad, and unduly burdensome in that it is unclear whether Plaintiffs
seek discovery of [Frank's] personal accounts, cancelled checks, deposit slips, and other records pertaining to such
accounts. Moreover, the request constitutes harassment. Further, the request seeks information which is neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request exceeds the scope of
discovery permitted by the Agreed Order pertaining to [Frank's] bank records. [Frank has] fully complied with this request
as modified by the Agreed Order. Furthermore, this request violates [Frank's] right of privacy as well as the right of
privacy of his other clients and business associates. [Frank] hereby give[s] notice that information or material responsive to
this request has been withheld on the basis of privilege. Specifically, the information sought constitutes confidential and
proprietary financial matters of [Frank] and his other clients and business associates.



Request 4: All IOLTA monthly bank statements from Texas State Bank, account number 4015649 for the months of
January, February, and March, 1993.



Objection: This request is vague, ambiguous, and constitutes harassment. Moreover, the request seeks information which
is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request
exceeds the scope of discovery permitted by the Agreed Order pertaining to [Frank's] bank records. [Frank has] fully
complied with this request as modified by the Agreed Order. Additionally, this request violates [Frank's] right of privacy as
well as the right of privacy of his other clients. [Frank] hereby give[s] notice that information or material responsive to this
request has been withheld on the basis of privilege. Specifically, the information sought constitutes confidential and
proprietary financial matters of [Frank] and [his] other clients.



Request 5: All IOLTA checks for the months of January, February, and March, 1993, issued from Texas State Bank,
account number 4015649.



Objection: (Same as objection made to Request 4)





Request 25: Any and all documents evidencing any previous or subsequent referrals from [Rudy] to [Frank] involving
personal injuries and/or wrongful death claims.



Objection: This request is vague, ambiguous, overly broad, unduly burdensome and constitutes harassment and undue
expense. Moreover, the request seeks information which is neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence. Additionally, [t]his request violates [Frank's] right of privacy as well as the right of
privacy of his other clients. [Frank] hereby give[s] notice that information or material responses to this request has [sic]
been withheld on the basis of privilege. Specifically, the information sought constitutes confidential and proprietary
attorney/client matters of [Frank] and [his] other clients. Other privileges asserted include the attorney client and attorney
work product privileges.



Request 26: Any and all documents evidencing any previous or subsequent claims or litigation prosecuted by or referred to
[Frank] against General Motors Corporation, involving personal injuries and/or wrongful death claims.



Objection: (Same objection made to Request 25)



Request 27: Any and all checks evidencing payment from [Frank] from any bank account in which [Frank] is authorized to
withdraw or deposit finds or in which he has an interest in such funds between January 13, 1993, through March 31, 1993.



Objection: This request is vague, ambiguous, overly broad, and unduly burdensome in that it is unclear whether Plaintiffs
seek discovery of [Frank's] personal bank accounts, his law firm's bank accounts, other business accounts, pertaining to
such records. Moreover, the request constitutes harassment. Further, the request seeks information which is neither
relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request exceeds the
scope of discovery permitted by the Agreed Order pertaining to [Frank's] bank records. [Frank has] fully complied with this
request as modified by the Agreed Order. Furthermore, this request violates [Frank's] right of privacy as well as the right of
privacy of his other clients and business associates. [Frank] hereby give[s] notice that information or material responsive to
this request has been withheld on the basis of privilege. Specifically, the information sought constitutes confidential and
proprietary financial matters of [Frank] and his other clients and business associates.

16. In sanctioning appellants, the trial court found:



 

 

 

 


 Appellants requested three broad categories of documents when they first noticed Frank for deposition;




 

 

 

 


 Appellants filed an amended notice of Frank's deposition with a document request for twenty-eight categories of
documents, several of which were unreasonably frivolous, oppressive and harassing;




 

 

 

 


 After the court sustained a number of objections to the requested documents, appellants filed a second amended notice
of Frank's deposition containing a subpoena duces tecum seeking documents previously ruled on as not discoverable;




 

 

 

 


 Appellants "unreasonably refused to proceed" with Frank's deposition, causing Frank and his counsel to incur needless
expense and loss of time;




 

 

 

 


 Appellants failed to appear for their depositions;




 

 

 

 


 Appellants made deliberate misrepresentations to the court in a motion for protective order that counsel had purportedly
agreed to depose Frank before appellants' depositions, yet later admitted in open court there was no such agreement;
therefore, the motion was frivolous and made in bad faith;




 

 

 

 


 On March 18, 1999, the trial court entered an order, prepared by appellants' counsel, directing Frank to tender certain
IOLTA account records to the court for in-camera inspection within forty-five days from the date of the order;




 

 

 

 


 Appellants' counsel deliberately disobeyed the court's March 18 order when he proceeded to serve two subpoenas on
Texas State Bank in an effort to obtain those records, one of which was a notice of deposition on written questions, but
neither of which was timely provided to appellees;




 

 

 

 


 Frank's counsel learned of the subpoenas from counsel for Texas State Bank, and had he not been informed, in all
likelihood, appellants would have obtained confidential financial records, in violation of Frank's privacy rights, and
those of his law firm and clients;




 

 

 

 


 Misconduct of the type engaged in by appellants and their counsel created a significant burden on the court's system,
including the consumption of judicial time and expense;




 

 

 

 


 Sanctions assessed bear a direct relationship to the offensive conduct of appellants and their counsel because appellees
incurred substantial time, costs and attorneys' fees as a result of the misconduct of appellants and their counsel;


 

 

 

 


 Appellants and their counsel have repeatedly abused the discovery process in seeking and resisting discovery, in filing
frivolous motions, and in serving subpoenas duces tecum which were unreasonably frivolous, oppressive and harassing,
thus, sanctions under rule 215.3 of the Texas Rules of Civil Procedure, against appellants and their counsel were
appropriate and necessary.






 

 

 

 


 In preparation for cancelled depositions, and of discovery motions and responses, Frank incurred reasonable fees and
expenses related to the discovery abuse to be at least $6,550.00;




 

 

 

 


 Appellants' unjustified refusal to present themselves for deposition caused Rudy and his counsel to incur needless
expense and loss of time in the amount of $2,572.50.


17. Appellants also assert that the evidence submitted in support of monetary sanctions as to Frank, including evidence of
attorney fees and alleged expenses incurred, was insufficient. However, appellants provide us with no specific authority,
arguments or record cites related this general issue, as required by rule 38.1. See Tex. R. App. P. 38.1(h) (appellant's brief
must contain argument and authorities for contentions made). Appellants have not preserved this argument for our review.