**John J. LAUGHLIN III, Appellant,**

v.

**Edward BERGMAN and Fouts & Moore, L.L.P., Appellees.**

No. 01–96–01552–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1997.

Rehearing Overruled Dec. 4, 1998.

William E. Bill King, Kemah, for appellant.

D. Wayne Claywater, Houston, for appellees.

Before NUCHIA, MIRABAL and O'CONNOR, JJ.

## OPINION

NUCHIA, Justice.

Laughlin sued Bergman and Fouts & Moore (collectively "Bergman") for legal malpractice, fraud, and violations of the Deceptive Trade Practices Act (DTPA).[1] The trial court rendered a take-nothing summary judgment for Bergman. We reverse and remand.

## BACKGROUND

In January 1994, Laughlin was removed as officer and director of Ameristar Fuels Corp.

---

1. TEX.BUS. & COMM.CODE § 17.41, *et seq.* (Vernon 1987 & Supp.1997).

after serving in those capacities for almost four years. On the heels of that event, Laughlin filed several lawsuits; one of those was this legal malpractice claim against Bergman.

Bergman was retained by Ameristar to represent the company in litigation stemming from various business ventures. When Laughlin and Jim Swieter, a business associate of Laughlin, became individual parties to that litigation, Bergman also represented them in those same matters.

Some time later, Swieter and several other Ameristar directors and investors removed Laughlin from his positions within the company. Laughlin contends Bergman knew of the planned ouster and breached a duty to Laughlin by not disclosing the plans surrounding his forthcoming removal.

On October 21, 1996, following initial discovery by both parties and an unsuccessful attempt to mediate the dispute, Bergman moved for summary judgment on all of Laughlin's claims. Because the parties had tentatively agreed to depose Bergman sometime in December, Laughlin moved for a continuance to allow him to conduct additional discovery before the trial court ruled on Bergman's motion for summary judgment. In support of his motion for continuance, Laughlin's counsel submitted a sworn affidavit stating that he had made numerous attempts to schedule Bergman's deposition to no avail. The affidavit further states that "[i]n direct contravention to the Defendants' representation to the Court, neither of Defendants' attorneys, nor anyone connected with Weinstein & Clawater, P.C., stated to me, prior to November 6, 1996, that the documents requested by Plaintiff in Request for Production of Documents to the Defendant, Fouts & Moore, were available for inspection." Neither Bergman nor Fouts & Moore provided sworn testimony to the contrary.

At this time, Laughlin also noticed Edward Bergman's deposition for November 20, 1996, in an apparent attempt to provide evidence on the record. Bergman then moved to quash the deposition due to the parties' prior agreement to depose Edward Bergman in December. This motion to quash concedes that "[t]he December dates were agreed upon after discussions regarding the availability of counsel and of Mr. Bergman (a trial lawyer and mediator)."

The trial court denied Laughlin's continuance, quashed the deposition of Edward Bergman, and entered a take-nothing summary judgment in favor of Bergman.

### DISCUSSION

In his first point of error, Laughlin contends the trial court erred in denying his motion for continuance so that he could gather facts to support his opposition to Bergman's motion for summary judgment. We agree.

Under Tex.R.Civ.P. 166a(g), when it appears from the affidavits of a party opposing a motion for summary judgment that he cannot present by affidavit facts sufficient to justify his opposition, the trial court may order a continuance to permit discovery to be had. Tex.R.Civ.P. 166a(g); *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."); *Levinthal v. Kelsey–Seybold Clinic, P.A.*, 902 S.W.2d 508, 510 (Tex.App.—Houston [1st Dist.] 1994, no writ).

It was within the court's discretion to grant a continuance until the requested discovery was completed. *Levinthal*, 902 S.W.2d at 510. We will not disturb the trial court's denial of a motion for continuance except for a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *Verkin v. Southwest Ctr. One, Ltd.*, 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

In deciding whether the trial court abused its discretion in denying a ruling on a rule 166a(g) motion for continuance, the following illustrative factors are useful: the length of time the case had been on file; the materiality of the discovery sought; and whether the party seeking the continuance

had exercised due diligence in attempting to obtain the discovery sought. *See, e.g., J.E.M. v. Fidelity & Cas. Co.,* 928 S.W.2d 668, 676 (Tex.App.—Houston [1st Dist.] 1996, no writ). In the instant case, all three factors favor Laughlin.

■ Although Bergman points out that this case had been on file for eleven months, he also concedes that the parties had previously agreed to take Edward Bergman's deposition in December, some two months after the filing of his motion for summary judgment. This Court has held that a trial court abuses its discretion where the denial of the continuance prevents a party from engaging in meaningful discovery and forecloses the plaintiff's case. *Levinthal,* 902 S.W.2d at 510; *Verkin,* 784 S.W.2d at 94–95. Although generally courts can presume that a plaintiff has investigated his own case prior to filing, this presumption does not deny Laughlin his right to engage in necessary discovery before summary judgment is granted. *Levinthal,* 902 S.W.2d at 510.

The materiality of the information sought also favors Laughlin. This is a legal malpractice case. Edward Bergman, the attorney blamed for the malpractice, has submitted expert affidavits in support of summary judgment, and is also in possession of the files that Laughlin asserts will evidence this malpractice. It is abundantly apparent that the ability to depose Bergman and review these files is absolutely critical to Laughlin's case.

With regard to the third factor—Laughlin's due diligence in attempting to obtain the requested discovery—Laughlin's counsel submitted a sworn affidavit stating that he has made numerous attempts to schedule the deposition, but that Bergman's attorneys are unavailable. As mentioned before, even Bergman's attorneys have conceded that they have been involved in discussions with regard to the deposition date; and in fact, had agreed to a December setting. Bergman has not submitted a sworn affidavit to rebut Laughlin's counsel.

Bergman argues that due diligence is not supported by the record, since there are not numerous formal deposition notices or letters contained therein that would substantiate that Laughlin was diligent in setting the deposition. This is facially incorrect, since the record evidences Laughlin's counsel's sworn affidavit, as well as Bergman's concession that they had consulted and come to an agreement on the deposition setting. Further, since deposition scheduling is often handled rather informally, it is a bit disingenuous for Bergman to suggest that merely because there are not numerous formal deposition notices in the record, that such is de factor evidence that Laughlin's counsel has done nothing.

Bergman's attorneys also concede that the delay in the deposition date was at least partially their own doing. In the motion to quash Bergman's deposition, Bergman states:

> Part of the reason that the deposition was scheduled for December, as Plaintiff's counsel is well aware, was the fact that Defendants' lead counsel, Wayne Clawater, has been involved in a several-week, complex jury trial, which has only ended this week.... In any event, Plaintiff's notice does not give Defendants the opportunity to conclude Plaintiff's deposition before Mr. Bergman's deposition is taken, which has always been the understanding of the parties.

Accordingly, it was an abuse of discretion for the trial court to have denied the motion for continuance under the facts of this case. Laughlin was entitled to the right to engage in meaningful discovery of the defendant in this legal malpractice case.

Because Laughlin's first point of error is dispositive of this case, we do not address Laughlin's remaining points. We reverse and remand.