Affirmed and Opinion filed January 9, 2003









Affirmed and Opinion filed January 9, 2003.

 

 

                                                                                                                                    

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00213-CV

____________

 

JOHN ADI, Appellant

 

V.

 

HOUSTON CHRONICLE PUBLISHING COMPANY, RICHARD J.V. JOHNSON, AND
STEVE BREWER, Appellees

 



 

On
Appeal from the 11th Judicial District

Harris County, Texas

Trial
Court Cause No. 00-20880

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
John Adi, appeals from a summary judgment in a media
libel case.  In ten points of error, Adi claims the trial court erred in (1) granting appellees= motion for summary judgment, (2) denying his request for
continuance, and (3) denying his motion for new trial.  We affirm.








On
January 13, 1998, Adi was indicted on a felony charge
of Aengaging
in organized criminal activity.@  In March 1998, he was
arrested and later sentenced to 70 years= imprisonment.  On April
23, 1999, the Houston Chronicle published a story written by Steve
Brewer on Adi=s conviction.  In the
article, Brewer incorrectly reported on certain aspects of Adi=s
case.  Brewer relied upon his coverage of
court proceedings, his review of court documents, and his interviews with court
participants as the basis for the article. 


Adi filed
suit against Brewer, the Houston Chronicle, and the Chronicle=s
publisher, Richard J. V. Johnson (hereinafter the Chronicle), for libel
on April 24, 2000.  Adi
challenged the news article on the grounds that it was factually incorrect in
reporting the following: (1) Adi was arrested in
January 1998; (2) Adi owned a Houston medical clinic
that filed $39,000 in insurance claims for nonexistent injuries; (3) Adi helped produce the documents needed for the scam; and
(4) after co-defendant Reginald Ike told officers how to file bogus claims,
they then went to Adi.  The Chronicle filed a joint motion for
summary judgment that the trial court granted on October 5, 2000.  Adi=s
motion for new trial was denied by operation of law.  This appeal followed.

                                                Summary
Judgment

In
seven points of error, Adi claims the trial court
erred in granting summary judgment.[1]  In a traditional motion for summary judgment,
the movant carries the burden of establishing that no
material fact issue exists and that it is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a; M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  All evidence favorable to the non-movant must be taken as true and all reasonable inferences,
including any doubts, must be resolved in the non-movant=s
favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  When a trial court does not
specify the grounds upon which it granted summary judgment, the appellate court
will affirm the judgment if any one of the theories advanced in the motion is
meritorious.  Kovar v.
Krampitz, 941 S.W.2d 249, 251
(Tex. App.CHouston [14th Dist.] 1996, no writ).  








The
Chronicle argues that summary judgment was properly granted because the
article is (1) substantially true and (2) privileged.  Because we find the Chronicle
established as a matter of law that the article was substantially true, it is
unnecessary to address the privilege issue. 
The affirmative defense of truth protects all of the reported statements
of which Adi complains.

A
showing of substantial truth of allegedly defamatory words defeats a cause of
action for defamation.  McIlvain v. Jacobs, 794 S.W.2d 14 (Tex. 1990)
(holding broadcaster=s establishing the substantial truth of the broadcast as a
matter of law defeated plaintiff=s defamation action). 
Determining substantial truth involves consideration of the Agist@
of the article to resolve whether the allegedly defamatory statements are more
damaging to appellant=s reputation, in the mind of the average reader, than truthful
statements would have been.  Id.
at 16; see also Lewis v. A. H. Belo Corp., 818 S.W.2d 856, 858 (Tex. App.CFort Worth 1991, writ denied).  Any
variance with respect to items of secondary importance may be disregarded.  Texas Monthly, Inc. v. Transamerican
Natural Gas, 7 S.W.3d 801, 806-07 (Tex. App.CHouston [1st Dist.]
1999, no pet.) (concluding it would make no difference in the mind of the
ordinary reader whether the plaintiff had quit as a matter of conscience or
because he was anxious and fearful about the company=s
deception to others).

The
reported statements are substantially true and do not cause any more damage to Adi=s reputation than literally truthful statements would
have.  In support of its summary judgment
motion, the Chronicle filed (1) the judgment against Adi
convicting him of engaging in organized criminal activity; (2) Adi=s indictment that detailed his unlawful exercising of control
over checks issued by the Republic Western Insurance Company and naming the
related case of Reginald Ike; and (3) Brewer=s affidavit stating his story was based on court proceedings,
court documents and interviews with court participants.  








Adi was
convicted of engaging in organized criminal activity and had his sentence
enhanced to 70 years in prison based on three prior convictions for false
statements in the acquisition of firearms, dealing in firearms without a
license, and making a false statement to a grand jury.  The Chronicle article misreported the
date of Adi=s arrest and the amount of the false claims he filed.  Neither of these errors substantially change
the fact that Adi was arrested and convicted for
filing false insurance claims.  See
Fort Worth Press Co. v. Davis, 96 S.W.2d 416, 419 (Tex. Civ.
App.CFort Worth 1936, no writ) (holding newspaper editorial which charged that
candidate for nomination for county judge had, while mayor, wasted $80,000 of
taxpayers= money on useless projects, was substantially true although
only $17,500 had been spent on projects). 
The fact that Adi was arrested and charged
with fraud for filing nonexistent claims has significantly more effect on his
reputation than the date of the arrest or the precise dollar amount of the
fraud.  See Reeves v. Western Co. of
N. A., 867 S.W.2d 385, 393 (Tex. App.CSan Antonio 1993, no
writ) (statement that plaintiff=s blood alcohol reading was 0.4% when it was actually 0.04% was
a variance and of secondary importance).

Adi also
contends the Chronicle erroneously reported that he helped produce
documents used to commit the offense and that police approached him after
contacting Reginald Ike, a co-defendant. 
Again, the gist of the article does no more damage to Adi=s reputation than the true actions of Adi
himself.  A jury convicted and sentenced
him for an insurance fraud scheme, which is exactly what the article
reported.  Therefore, the trial court
properly granted summary judgment for appellees.  We overrule points of error four through
nine.

                                            Motion
for Continuance 








In
points three and ten, Adi claims the trial court
erred in refusing to grant a continuance for the purpose of conducting
discovery prior to the summary judgment hearing.  The granting or denial of a motion for
continuance is within the trial court=s sound discretion, and we will not disturb the court=s
action on appeal unless the record discloses a clear abuse of that
discretion.  Villegas v. Carter,
711 S.W.2d 624, 626 (Tex. 1986).  AThe
test for abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court=s
action.  Rather, it is a question of
whether the court acted without reference to any guiding rules and principles.@  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). 
Accordingly, we review Adi=s
argument not to determine if we would have ruled differently, but to determine
if the trial court=s ruling was arbitrary or unreasonable.  See id. at 242.

Under
Texas Rule of Civil Procedure 166a(g), 
the trial court may order a continuance to permit discovery when it
appears from the affidavits of a party opposing a motion for summary judgment
that he cannot present by affidavit facts sufficient to justify his
opposition.  Tex. R. Civ. P. 166a(g); Tenneco, Inc. v. Enterprise
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996).  In deciding whether the trial court abused
its discretion in denying a Rule 166a(g) motion for continuance, the following
factors may be considered: the length of time the case had been on file; the materiality
of the discovery sought; and whether the party seeking the continuance had
exercised due diligence in attempting to obtain the discovery sought.  Laughlin v. Bergman, 962 S.W.2d 64, 65
(Tex. App.CHouston [1st Dist.] 1998, pet. denied). 

Adi filed
suit only six months prior to the trial court=s ruling on the motion for continuance and granting of summary
judgment.  Texas courts have found that
denial of a continuance for cases on file for less than eleven months may
constitute abuse of discretion.  See
Laughlin, 962 S.W.2d at 66; Verkin v.
Southwest Ctr. One, 784 S.W.2d 92 (Tex. App.CHouston [1st Dist.]
1990, writ denied).  Adi
also exhibited the due diligence necessary for granting a continuance.  A party who does not diligently utilize the
procedure for discovery can seldom claim reversible error when the trial court
refuses a continuance.  State v. Wood
Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex.
1998).  Nothing in the record indicates
that Adi did not diligently pursue discovery; he
served the Chronicle with interrogatories, properly made a motion for
disclosure, and requested a continuance when the Chronicle provided no
response to his requests.  








In
his affidavit in opposition to the Chronicle=s
motion for summary judgment, Adi argued that he
needed information regarding the court participants interviewed by Brewer.  As discussed above, Adi
claims four factual inaccuracies within the article.  The truth or falsity of these matters is not
affected by the information sought by Adi.  To the contrary, Adi
himself, as well as court records, would be a better source of information in
challenging the validity of these statements. 
Adi already knew the amount of false claims
filed, whether he had helped produce documents, when he was arrested, and when
or if officers interviewed him.  The
discovery sought would not have assisted in determining the truth or falsity of
the statements.  Therefore, the trial
court did not abuse its discretion in denying Adi=s
motion for continuance.  Adi=s third and tenth points of error are overruled.    

                                               Motion
for New Trial

In
his second point of error, Adi argues the trial court
erred in denying his motion for new trial as being untimely filed.  The trial court=s denial of a motion for new trial is reviewed under an abuse
of discretion standard.  See Superior
Packing, Inc. v. Worldwide Leasing & Fin., Inc., 880 S.W.2d 67, 71 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  An abuse of discretion occurs
only when the trial court reaches a decision that is arbitrary, unreasonable,
or without reference to any guiding rules or legal principles.  K-Mart Corp. v. Honeycutt, 24 S.W.3d
357, 360 (Tex. 2000) (per curiam).  An appellate court may not substitute its
discretion for that of the trial judge.  Johnson
v. Fourth Ct. of App., 700 S.W.2d 916, 918 (Tex. 1985). 

Adi relies
upon the trial court=s March 2, 2001 order sustaining a Contest to the Affidavit of
Inability to Give Cost Bond of Affiant, in which the court stated that A[a]ffiant [Adi] filed his motion for
new trial untimely.@  Adi
argues that this reason underlies the trial court=s denial of his motion for new trial as well.  However, in a prior ruling, this court
required the trial court to issue findings addressing the issue of whether
appellant=s motion for new trial was timely filed. As a result, the trial
court issued findings of fact on October 8, 2001, stating that Adi timely filed the motion for new trial.  Thereafter, Adi=s
motion for new trial was denied by operation of law.  Tex.
R. Civ. P. 329b(c).








Adi=s only argument is that the trial court denied his motion for
new trial as being untimely.  Because the
trial court explicitly found the motion to be timely, and in the absence of any
other evidence, we find no abuse of discretion. 
Adi=s second point of error is overruled.

The
trial court=s judgment is affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed January 9, 2003.

Panel consists of Justices Yates,
Anderson, and Fowler.

 

 











[1]  Adi=s
first point of error argues the Chronicle was not entitled to summary
judgment as a matter of law on the affirmative defense of statute of
limitations.  The Chronicle
concedes this point and therefore the court need not address it further.