NUMBER 13-03-657-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ANTHONY S. HYDE AND JANINA E. TYLER,                      Appellants,

v.

ROBERT A. WILLIAMSON, M.D.,                                         Appellee.
___________________________________________________________________

On appeal from the 25th District Court
of Goliad County, Texas.
__________________________________________________________________

MEMORANDUM OPINION ON MOTION FOR REHEARING

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion on Motion for Rehearing by Justice Rodriguez
                        
            We grant the motion for rehearing


 filed by appellee, Robert A. Williamson,
M.D., withdraw our memorandum opinion dated October 14, 2004, and substitute the
following as the memorandum opinion of this Court.
            Appellants, Anthony S. Hyde and Janina E. Tyler, individually and as
representatives of the estate of Mary Jane Smith, bring this appeal following an order
by the trial court granting a no evidence summary judgment in favor of appellee. By
three issues, appellants contend the trial court erred in: (1) sustaining appellee’s
objections to appellants’ summary judgment affidavit without affording appellants an
opportunity to cure; (2) granting appellee’s motion for no evidence summary judgment;
and (3) denying appellants’ motion to continue the summary judgment hearing. We
affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. OBJECTIONS TO SUMMARY JUDGMENT AFFIDAVIT
         By their first issue, appellants contend that the trial court erred in sustaining
objections to appellants’ summary judgment affidavit without affording appellants an
opportunity to cure.


 We review the trial court’s decision on the admissibility of
evidence in a summary judgment proceeding under an abuse of discretion standard. 
See Fricks v. Hancock, 45 S.W.3d 322, 325 (Tex. App.–Corpus Christi 2001, no
pet.).
         In this case, appellee filed a no evidence summary judgment motion based on
a lack of evidence regarding causation. Appellants’ response to the summary
judgment motion included an affidavit by appellants’ medical expert in support of their
claim of negligence. The day of the summary judgment hearing, appellee filed
objections to appellants’ summary judgment affidavit stating that: (1) appellants failed
to attach certified or sworn copies of the records relied on by the expert in the
affidavit; and (2) the affidavit was vague, indefinite, and conclusory. At the hearing,
appellee argued that based on these two grounds the affidavit should be stricken and
the no evidence summary judgment motion granted. Appellants responded by
requesting an opportunity to cure the defect in the affidavit under rule 166a(f). At the
conclusion of the hearing, the trial court stated that it would notify appellants whether
it would allow them to amend the affidavit. The trial court later granted appellee’s no
evidence summary judgment.
A. Failure To Attach Medical Records
         Rule 166a(f) of the Texas Rules of Civil Procedure, which governs the use of
affidavits in summary judgment proceedings, provides that sworn or certified copies
of all papers referred to in an affidavit shall be attached or served with the affidavit. 
Tex. R. Civ. P. 166a(f). It also states, in relevant part, that “defects in the form of
affidavits or attachments will not be grounds for reversal unless specifically pointed
out by objection by an opposing party with opportunity, but refusal, to amend.” Id. 
Appellants contend that the failure to attach medical records is a defect in form, and
therefore, under rule 166a(f) they must be given the opportunity to amend the defect. 
Appellee argues to the contrary that the defect is substantive, and therefore, the trial
court is not required to give appellants the opportunity to amend.
         This Court has previously addressed this issue in Noriega v. Mireles, 925
S.W.2d 261, 265 (Tex. App.–Corpus Christi 1996, writ denied). In that case we held:
[I]n situations such as this, where there is no dispute regarding the
contents of the medical records and the treatment the patient received,
and in which the disputed issue relates to additional treatment that the
patient clearly did not receive but arguably should have, the failure to
attach the relevant medical records to the expert witness’s affidavit is a
formal, rather than a substantive defect. 

Id. Presented with similar circumstances, we adhere to the rationale in Noriega and
find the holding applicable to the facts of this case. The failure to attach medical
records to the affidavit in this case was a defect as to form. As such, the trial court
should have provided appellants the opportunity to amend their affidavit prior to
granting the summary judgment. See Garcia v. Willman, 4 S.W.3d 307, 311 (Tex.
App.–Corpus Christi 1999, no pet.) (finding proponent of summary judgment evidence
must be given opportunity to cure defects in form of summary judgment evidence).
B. Conclusory Statements
         Appellee additionally objected to appellants’ expert affidavit as being
conclusory.


 Affidavits supporting and opposing a motion for summary judgment must
set forth facts, not legal conclusions alone. AMS Constr. Co., Inc. v. Warm Springs
Rehab. Found., Inc., 94 S.W.3d 152, 157 (Tex. App.–Corpus Christi 2002, no pet.);
see Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984). A conclusory
statement is one that does not provide the underlying facts to support the conclusion,
AMS Constr. Co., 94 S.W.3d at 157, and is insufficient to create a question of fact
to defeat summary judgment. IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v.
Mason, 143 S.W.3d 794, 803 (Tex. 2004); McIntyre v. Ramirez, 109 S.W.3d 741,
749-50 (Tex. 2003).
         Appellee’s no evidence motion for summary judgment centered on causation. 
Therefore, we will examine the affidavit of appellants’ expert, Philip Totonelly, M.D.,
to determine whether his discussion of causation was conclusory. In his affidavit, Dr.
Totonelly set out his qualifications, the treatment Mary Jane Smith received and, while
describing the standard of care, explained how appellee breached that standard. 
Regarding causation, he testified that Ms. Smith “was discharged home after 3 days
of hospitalization and on the fourth day, not surprisingly, died suddenly of
complications directly related to her recent untreated ischemic event.” Dr. Totonelly
additionally stated that in his opinion “based upon reasonable medical probability, the
above enumerated breaches of the standard of care singularly and/or collectively were
a proximate cause of the evolvement of Ms. Smith’s heart condition and eventual
infarct which was a cause of her untimely death.” Dr. Totonelly offered only his
opinions and conclusions regarding causation without an explanation as to how the
“enumerated breaches” ultimately caused Ms. Smith’s death. See IHS Cedars, 143
S.W.3d at 803 (finding affidavit conclusory because it lacked explanation as to how
the conduct was cause in fact of injuries); Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex.
1999) (stating that expert must explain the basis of his statements to link his
conclusions to the facts); Windsor v. Maxwell, 121 S.W.3d 42, 50 (Tex. App.–Ft.
Worth 2003, pet. denied) (finding statement conclusory as to causation because it did
not explain how the complained of action caused the injury). His statements in the
affidavit fail to provide a sufficient causal nexus between the duties and alleged
breaches on the part of appellee and the death of Ms. Smith. See IHS Cedars, 143
S.W.3d at 803. Therefore, we conclude that Dr. Totonelly’s expert affidavit was
conclusory and insufficient to create a question of fact as to causation.


 See id.;
McIntyre, 109 S.W.3d at 749-50.
         Although we determined earlier that the trial court should have allowed
appellants the opportunity to attach the medical records, we find the trial court did not
abuse its discretion in striking appellants’ affidavit as the attachments could not have
cured its conclusory nature. Appellants’ first issue is overruled.
II. GRANTING OF SUMMARY JUDGMENT
         By their second issue, appellants generally assert that the trial court erred in
granting appellee’s no evidence motion for summary judgment.
         A no evidence summary judgment asserts there is no evidence of one or more
essential elements of claims upon which the opposing party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i). A no evidence summary judgment is essentially
a pretrial directed verdict, to which the appellate courts apply a legal sufficiency
standard of review. AMS Constr. Co., Inc., 94 S.W.3d at 159. In response to a no
evidence motion, the non-movant is only required to present evidence that raises a
genuine fact issue on the challenged elements. Id. A no evidence summary judgment
is properly granted only if the non-movant fails to bring forth more than a scintilla of
probative evidence to raise a genuine issue of material fact as to the challenged
element of the claims. Tex. R. Civ. P. 166a(i). 
         Appellee’s no evidence summary judgment motion asserted that there was no
evidence of causation to support appellants’ claims. See id. The burden was therefore
placed on appellants to present summary judgment evidence raising a genuine issue
of material fact as to the challenged element. See id.
         Because we have determined that the trial court did not abuse its discretion in
striking Dr. Totonelly’s affidavit, appellants have failed to raise an issue of fact on the
element of causation. See Shelton v. Sargent, 144 S.W.3d 113, 127 (Tex. App.–Fort
Worth 2004, pet. denied). Consequently, appellee’s no evidence motion for summary
judgment was properly granted. Appellants’ second issue is overruled.
III. MOTION TO CONTINUE
         Appellants contend in their third issue that the trial court abused its discretion
in denying their motion to continue the summary judgment hearing.


 
         It is within the trial court’s discretion to grant a continuance until the requested
discovery is completed. Laughlin v. Bergman, 962 S.W.2d 64, 65 (Tex.
App.–Houston [1st Dist.] 1997, pet. denied). We will not disturb the trial court’s
denial of a motion for continuance absent a clear abuse of discretion. Id.
         Appellants rely on Texas Rule of Civil Procedure 166a(g) in support of their
motion for continuance. See Tex. R. Civ. P. 166a(g). Rule 166a(g), entitled “When
Affidavits Are Unavailable,” provides that a court may order a continuance “[s]hould
it appear from the affidavits of a party opposing the motion that he cannot for reasons
stated present by affidavit facts essential to justify his opposition.” See id. However,
this rule does not apply in this case as appellants did present by affidavit facts to
justify their opposition. Appellants offered the affidavit of their medical expert, Dr.
Totonelly, to raise an issue of fact in response to appellee’s no evidence summary
judgment. Appellants cannot successfully contend the motion to quash the deposition
of Dr. Totonelly hampered their preparation of a response to the motion for summary
judgment, as anything Dr. Totonelly would have said in the deposition, he could have
said in his affidavit. See McMahan v. Greenwood, 108 S.W.3d 467, 499 (Tex.
App.–Houston [14th Dist.] 2003, pet. denied). 
         Because appellants did in fact present an affidavit to justify their position, we
find the trial court did not abuse its discretion in denying appellants’ motion for
continuance. Appellants’ third issue is overruled.
 
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.


 
                                                                                 NELDA V. RODRIGUEZ
                                                                                 Justice

Memorandum Opinion on Motion for Rehearing
delivered and filed this 17th day of February, 2005.