**James A. LOY, Appellant,**

v.

**J. Edwin KUYKENDALL, d/b/a Merchants Delivery Service, Appellee.**

**No. 13751.**

Court of Civil Appeals of Texas.

San Antonio.

May 24, 1961.

Rehearing Denied June 21, 1961.

Hobart Huson, Jr., San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

BARROW, Justice.

This suit is by appellant against appellee for property damages to his automobile as a result of a collision between his automobile and a truck owned by appellee and operated by appellee's employee. The appellee answered, and thereafter presented a motion for summary judgment, based upon an asserted full release of appellant's cause of action. After a hearing thereon, appellee's motion was sustained by the trial court and a take nothing judgment rendered against appellant. This appeal is from that judgment.

■ At the outset we are confronted with a motion by appellee to take no other action than to affirm the judgment for the reason that the record fails to show that appellant excepted to the judgment rendered by the trial court. An examination of the record shows no exception to the judgment, but the record does show that appellant, in writing, timely filed his notice of an appeal, as required by Rule 353, Texas Rules of Civil Procedure. Appellee takes the position that both an exception and notice of appeal are required. The Su-

preme Court has decided this precise question adversely to appellee's contention in Swanson v. Swanson, 148 Tex. 600, 228 S. W.2d 156. Appellee's motion is overruled.

■ The propriety of the court's action in rendering the summary judgment presents two questions: (1) Where a plaintiff has a cause of action for both personal injuries and property damages against one defendant, based upon one tort, does a full release of all damages for personal injuries, expressly limited to such damages for personal injuries, have the effect, as a matter of law, of releasing the claim for property damages? (2) Does the release in this case, when properly construed, effectively release the defendant from all liability for both personal injuries and property damages?

Appellee contends that, as a matter of law, the releasing of one element of damages, while attempting to retain and litigate the other, amounts to a splitting of causes of action, and bars or precludes a suit to recover the damages not so released. In support of that contention appellee cites the decision of this Court in Cormier v. Highway Trucking Company, 312 S.W.2d 406; also the recent decision of the Amarillo Court of Civil Appeals in Garrett v. Mathews, 343 S.W.2d 289, as well as numerous authorities from other jurisdictions annotated in 62 A.L.R.2d 977 et seq. These authorities all involved the question of whether two separate actions may be brought in court to recover separate items of damages. The courts in each and every case held that the causes of action or items of damage can not be so split and asserted in separate suits, but that the plaintiff must join in one suit all of the grounds of recovery. The holdings are based on sound public policy of avoiding a multiplicity of suits. None of the cases even suggests that a plaintiff cannot settle and release one item of damages and thereafter sue on the item which is not released. Appellee has not cited any authority in this State or from any jurisdiction which so holds, nor have we found any such author-

ity in our own search. We are of the opinion that a release of one item of damage does not have the legal effect of a general release of the entire cause of action, unless the release so expressly provides. We can see no reason to litigate items of damage upon which the parties are in agreement and are ready to settle, for the sole reason that they cannot, or have not reached an agreement on all the other items of damage. The policy of our law is to encourage the settlement of controversies, either in whole or in part.

Coming to the second question, the following facts are not disputed: A few days after the collision between appellant's automobile and appellee's truck, one Johnie R. Whitman, a claim adjuster for Employers Casualty Company, which Company was insurer of appellee on the truck involved to the extent of bodily injuries only, and which coverage did not include property damage, approached appellant with a view to settling the damages for personal injuries to appellant and his wife. It was clearly understood between the parties that the settlement would not include the damages to appellant's automobile. As a result of their negotiations they reached an agreement as to the amount of damages for bodily injuries, and Whitman prepared a release on the printed form generally used for that purpose. The form, on its face, was a general release of all damages, therefore, at the suggestion of appellant, before the release was signed, Mr. Whitman typed the following statement on the bottom thereof: "This release is only for bodily Injury." Whitman told appellant that appellee's policy did not cover property damages, and it was so understood by both appellant and Whitman. It is also undisputed that the policy in question does not cover property damages. Appellant was paid the amount agreed upon for personal injuries by Employers Casualty Company, but no one has paid him for any of the damages to his automobile.

A release is a contract and the construction thereof is governed by the general rules relating to construction of contracts. Quebe v. Gulf, C. & S. F. Ry. Co., 98 Tex. 6, 81 S.W. 20, 66 L.R.A. 734; Mutual Fire & Auto Insurance Co. v. Green, Tex.Civ.App., 235 S.W.2d 739; 36 Tex. Jur. 818, § 20; 76 C.J.S. Release § 38, p. 669. In construing releases, effort is made primarily to ascertain and give effect to the intention of the parties. Mutual Fire & Auto Insurance Co. v. Green, supra. A release must be considered as a whole in order to give effect to the general purpose and true intention of the parties with respect thereto. Even though the language is not ambiguous, parol evidence is admissible to establish the surrounding circumstances, the situation of the parties, and the subject matter of executed releases. Anderson Furniture Company v. Roden, Tex.Civ.App., 255 S.W.2d 345. We are of the opinion that the release, when construed in the light of the facts and surrounding circumstances as shown by the record, did not constitute a general release, and was not a release of appellant's claim for property damages. However, if the printed form alone be interpreted as a general release, then, certainly, the inconsistent typewritten portion thereof, expressly limiting and restricting the release to damages for bodily injuries, would prevail over the printed matter. McMahon v. Christmann, 157 Tex. 403, 303 S.W.2d 341, 304 S.W.2d 267.

The burden was on appellee on motion for summary judgment, to establish from the record before the court, that as a matter of law he was entitled to judgment, and having failed to do so, the court was in error in granting the judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Rule 166-A, Texas Rules of Civil Procedure.

The judgment is reversed and the cause remanded.