**TRITON INSURANCE COMPANY,**
Appellant,

v.

**Roger Dale GARNER, Appellee.**

No. 7186.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 12, 1970.

Rehearing Denied Dec. 10, 1970.

Ronny B. Baxter, Orange, for appellant.

Louis Dugas, Jr., Orange, for appellee.

KEITH, Justice.

Triton Insurance Company (hereinafter "Triton") sued Garner to recover the amount which it had paid to its assured, Williams, because of damages sustained by Williams when he was involved in a collision with Garner. In a non-jury trial, the court entered judgment for the defendant upon his plea of release and this appeal follows. Defendant has not favored us with a brief so we invoke the provisions of Texas Rules of Civil Procedure, rule 419.

The accident occurred on December 26, 1967, and on January 18, 1968, Triton paid to Williams $1,131.96, and became subrogated to his claim for property damages against Garner. Williams incurred some medical expense because of the accident, lost some time from his work, and was required to pay $100.00 on the cost of repair of his vehicle, the deductible under his policy with Triton. On February 13, 1968, Williams accepted $350.00 from Garner's mother and executed the general release on the form required by the Department of Public Safety under the provisions of Vernon's Ann. Civ.St. article 6701h, Article III, § 5(a).

Triton's suit, filed April 17, 1968, was answered by a sworn plea of release to which was attached a copy of the release signed by Williams. Upon the trial, Garner denied that any insurance company ever contacted him about a claim because of the accident with Williams; and, upon cross-examination, denied that he had ever received any written communication from Triton. The release is general and runs to the defendant releasing him "from all claims and causes of action or judgments arising" from the accident in question. The form and sufficiency of the release is not attacked by Triton except for its contention that it is only a partial release and does not bar its claim.

The court found as a fact that Garner "had no notice, either actual or constructive, of any claim against him by plaintiff herein at the time the release was executed by such insured." From this, the court concluded that Triton's claim "is barred by the release" executed by its assured, Williams. There is little dispute in our record but what all of the negotiations leading up to the execution of the release by Williams were conducted by Garner's mother and without his participation or knowledge. It is also clear that the consideration for the release was the cash out-of-pocket losses of Williams over and above his insurance on his vehicle. In other words, the Garner payment did not include any sum allocated to the damage to the Williams vehicle except Williams' own $100.00 deductible which he was required to pay.

The court found that Garner was guilty of negligence, as a matter of law, proximately causing the damage to Williams' vehicle and found as a fact that Triton had paid to Williams $1,131.96 under its policy of insurance because of the damages so inflicted. The court, however, concluded as a matter of law, that Williams' release barred Triton's recovery.

Triton attacks the trial court's findings that Garner did not know of Triton's interest at the time he procured the release from Williams. It contends that the evidence showed conclusively that Garner's mother, acting as his agent in negotiating the settlement with Williams, had actual knowledge of Triton's subrogated interest in the claim; and, having made the settlement with such notice, the release is ineffective insofar as Triton's claim is concerned.

■ In our consideration of the questions so presented, we are governed by the rule announced by Justice Smith in Commercial Union Assurance Co. v. Foster, 379 S.W.2d 320, 322 (Tex.Sup., 1964):

> "It is an elemental proposition of law that where there is some evidence of a substantial and probative character to support the trial court's findings of fact, they are controlling upon this court and will not be disturbed, even though this court might have reached a different conclusion therefrom. [Citations omitted.]"

This court may, however, order a new trial where the findings of the trial court are found to be against the great weight and preponderance of the evidence if the point is properly raised. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 100 (1953).

■ Triton's pleadings did not, of course, mention the release which Garner pleaded in bar to any recovery. No supplemental petition was filed by Triton in which it sought to avoid the effect of the release in any manner. Nevertheless, the parties tried the issue to its ultimate end without any objection as to the form or content of Triton's pleadings; and, the issue of the validity of the release, and its legal effect was thereby tried by agreement under Rule 67. See also, McKenzie v. Carte, 385 S.W.2d 520, 525–526 (Tex.Civ.App.—Corpus Christi, 1964, error ref. n. r. e.). In this non-jury trial, the same rule of law is applicable to issues tried by agreement as that followed when a jury passes upon the disputed issues of fact. Rule 262.

The trial court's finding that Garner had no notice, actual or constructive, of any claim against him is difficult to reconcile with our record. Garner's negligence was found, as a matter of law, to have proximately caused damages amounting to nearly fifteen hundred dollars, and he knew that he did not have public liability insurance protection so that his operator's license was in jeopardy under the statute. Certainly, under these circumstances, he knew that Williams had a "claim" against him for his negligence. Then, too, Mrs. Garner, who had all of the negotiations with Williams and his wife, testified that she had one call from the insurance company about the claim for property damages before she procured the release.

Williams and his wife both testified that Mrs. Garner told them that she knew the insurance company was making a claim and one of them quoted her as replying, "You can't get blood from a turnip." The trial court found as a matter of law that Garner had no defense to the suit except the re-lease which had been procured for him by his mother and which was plead in bar to a recovery by Triton. Under these circumstances, and regardless of his minority, he judicially ratified the release so procured. Thus, he now comes within the rule of law which imputes to the principal the knowledge of the agent. See generally, Wellington Oil Company of Delaware v. Maffi, 136 Tex. 201, 150 S.W.2d 60, 63 (1941); Fireman's Fund Indemnity Co. v. Boyle General Tire Co., 392 S.W.2d 352, 357 (Tex.Sup., 1965); 3 Am.Jur.2d, Agency, § 273, p. 635; American Law Institute, Restatement of the Law of Agency 2d, § 272; 2 Tex.Jur.2d, Agency, § 183, p. 629; 3 C.J.S. Agency § 262, p. 194.

■ We sustain Triton's third point of error contending that the trial court's finding that Garner had no notice of the claim of Triton is against the great weight and preponderance of the evidence. So holding, we are required to reverse the judgment of the trial court. Banks v. Collins, supra (257 S.W.2d at p. 99). However, we are not authorized to render judgment for Triton. Fuller v. Burran, 151 Tex. 335, 250 S.W.2d 587 (1952).

In view of another trial upon the merits, we deem it advisable to pass upon the point made by Triton that the release which Garner procured from Williams, under the circumstances of this case, was a partial release only and did not bar Triton's claim.

■ There is little dispute between the witnesses that Mrs. Garner, seeking the release to satisfy the Safety Responsibility Law (Article 6701h, V.A.C.S.), asked Williams to figure up "what he was out in cash." She received a list which covered doctor's bills, hospital bill, broken glasses, ambulance charge, lost earnings from his work, and the $100.00 deductible on his property damage insurance. She paid Williams $350.00 and readily admitted that "there was no part of it [the payment] relating to the damage to the automobile." In this she was corroborated by Williams and his wife, both of whom gave similar testimony. It clearly

appears from the undisputed testimony in our record, that the parties intended to release only Williams' claim against Garner for his damages which were not covered by his property damage insurance with Triton.

The carefully researched opinion of Loy v. Kuykendall, 347 S.W.2d 726, 728 (Tex. Civ.App.—San Antonio, 1961, error ref. n. r. e.) disposes of all of the questions raised by Triton as to the partial release. It would unduly extend this opinion to quote the holding in *Loy* (syllabi 3-7), which we adopt as our holding on the question involved. To the authorities cited therein we add: Security Storage & Van Co. v. General Insurance Co., 310 S.W.2d 729 (Tex. Civ.App.—Houston, 1958, no writ); 45 Am. Jur., Release, § 28, p. 692; Annotation, 92 A.L.R.2d 102, 120. Upon another trial, should the evidence be the same as that which we have reviewed herein, the court should hold that the release tendered is a partial release alone and does not bar the cause of action of Triton against the defendant.

We are not confronted with a case involving the splitting of a single cause of action or a multiplicity of suits.* Instead, we have a situation such as was foreseen by Justice Barrow in *Loy*, supra (347 S.W.2d at p. 728) when he said:

"We are of the opinion that a release of one item of damage does not have the legal effect of a general release of the entire cause of action, unless the release so expressly provides. We can see no reason to litigate items of damage upon which the parties are in agreement and are ready to settle, for the sole reason that they cannot, or have not reached an agreement on all the other items of damage. The policy of our law is to encourage the settlement of controversies, either in whole or in part."

The same individual justices (Murray, Pope, and Barrow) decided both *Cormier*, forbidding the splitting of causes of action, and *Loy*, permitting the partial release of a claim. We see no conflict between the two decisions nor does there appear to be any good reason to force parties to submit all of their problems to the courts for solution. It is not difficult to envision a case wherein parties may be willing to settle their claims involving property damage (which has a rather definite ceiling) but cannot agree upon the evaluation of personal injuries, the amount of which is not susceptible of quite such precise determination. *Loy* permits, and even encourages, such a procedure and appears to be sound in principle.

The court erred in finding that the defense of release was established by the introduction of the instrument into evidence. The judgment is reversed and the cause remanded for a trial upon the merits.

STEPHENSON, Justice (dissenting).

I respectfully dissent. This action was brought by Triton for "legal debt" arising out of an automobile collision between Roger Dale Garner and Harold Rudolph Williams. Actually, the suit is one for damages based upon alleged negligent acts of Roger Dale Garner. Garner answered by pleading a release from Williams, who was Triton's insured. Triton went to trial upon its original petition, and therefore, had no pleadings of fraud, mutual mistake, or any request for relief in the nature of setting aside such release.

There was a single cause of action for damages which Williams had against Garner following this collision. The subrogation agreement with Triton did not split this cause of action, as Texas follows the majority rule. 127 A.L.R. at page 1081, reads as follows:

" * * * in a majority of states, a single wrongful or negligent act or omis-

---

* For a discussion of this facet of our law, see Cormier v. Highway Trucking Co., 312 S.W.2d 406 (Tex.Civ.App.—San Antonio, 1958, no writ), followed by Garrett v. Mathews, 343 S.W.2d 289, 290 (Tex. Civ.App.—Amarillo, 1961, no writ).

sion causing an injury to both the person and the property of the same individual constitutes but one cause of action with separate items of damage, and that hence, the cause of action cannot be split, and a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage, finds support in the following later decisions: [omitting citations]."

If a suit had been brought by Williams against Garner upon his claim for personal injuries, Triton would have been obligated to intervene in the same suit, there being only one cause of action. Traders & General Ins. Co. v. Richardson, 387 S.W.2d 478 (Tex.Civ.App.—Beaumont, 1965, error ref.). There is no reason for a different rule to apply where the cause of action is disposed of by judgment to the instance in which the cause of action is disposed of by release. In fact, in Garrett v. Mathews, 343 S.W.2d 289 (Tex.Civ.App.—Amarillo, 1961, no writ), an agreed judgment was entered in the first suit, which is nothing more than a contract, and the Court of Civil Appeals held it barred recovery in a second suit on a subrogation claim because we follow the majority rule in Texas and the cause of action cannot be split. The Loy v. Kuykendall case, supra, cited in the majority opinion, does not approve the splitting of a cause of action, but merely states the parties may settle a part of a cause of action and litigate the remainder. A different question entirely was involved there and has no application to the present case.

Before Triton brought this present suit, Garner received a general release from Williams. There were neither pleadings nor evidence showing fraud or mutual mistake, or any other ground for avoiding the consequences of such release, which would entitle Triton to judgment. See Cormier v. Highway Trucking Co., 312 S.W.2d 406 (Tex. Civ.App.—San Antonio, 1958, no writ).

The majority opinion reversing this case, places it solely upon the ground that Garner's mother knew of Triton's claim at the time she arranged for the release from Williams, and that she was Garner's agent as a matter of law, and her knowledge was imputed to him. I know of no theory in law that makes the mother of a minor his agent as a matter of law, especially in view of the uncontroverted evidence that Garner did not know of his mother's action, and could not legally ratify what she had done during his minority. See 30 Tex.Jur.2d, § 26, p. 684. I would affirm the judgment.

Rehearing denied.

STEPHENSON, J., dissents.