NO. 07-03-0123-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL E


MAY 16, 2005


______________________________



JEFFERY HOUSOUR, APPELLANT


V.


SOUTHWEST TEX LEASING CO., INC., APPELLEE



_________________________________


FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;


NO. 2001-515,925; HONORABLE SAM MEDINA, JUDGE


_______________________________


Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION

 Jeffery Housour appeals from a judgment denying his motion for summary
judgment and granting the motion for summary judgment of Southwest Tex Leasing
Co., Inc. d/b/a Advantage Rent-A-Car. We reverse the trial court's judgment insofar as
it granted Advantage a money judgment including attorney's fees against Housour, and
remand Advantage's claims, but affirm the judgment of the trial court in all other
respects.

 In January 2001, Housour was involved in a one-vehicle accident while driving a
vehicle he had rented from Advantage. As a result of the accident the vehicle was a
total loss. A utility pole and a switch box owned by Southwestern Bell Telephone
Company were also damaged. Advantage made a demand on Housour for $21,525.28
in damages to the vehicle. Southwestern Bell alleged $11,501.83 in damages to its
property. 

 Housour carried a personal auto policy issued by Allstate Property & Casualty
Insurance Company, with property damage liability limits of $15,000 per accident.
Allstate paid the claims of Southwestern Bell and Advantage on a pro rata basis, paying
Advantage $9,780 and Southwestern Bell, $5,220. (2) The wrecked vehicle was sold as
salvage for $850.

 The record reflects that on April 23, 2001, Housour orally agreed with a
representative of Advantage (3) to pay $11,745.58, the agreed balance due for damages
to the vehicle, by making payments of $200.00 per month. Advantage sent Housour a
"letter of agreed responsibility" reflecting this agreement, signed by a representative of
Advantage. On May 1, 2001, Housour sent Advantage a $200 payment, but he never
signed or returned the letter. He made no further payments. 

 Allstate required that Advantage execute a release in exchange for its payment
of the $9780.00. Following discussions between Allstate and Advantage, Allstate
prepared a release and provided it to Advantage. On May 3, 2001, Advantage returned
the release to Allstate, whereupon Allstate sent Advantage its check.

 In November of 2001 Housour filed suit against Advantage alleging violations of
the Texas Insurance Code and the Deceptive Trade Practices Act, (4) and breach of
contract. Housour contended that under the terms and conditions of the car rental
agreement Advantage had obligations of an insurer, including the duties to defend and
indemnify him. Advantage met the financial responsibility requirements of the Motor
Vehicle Safety Responsibility Act (5) through a certificate of self-insurance issued by the
Texas Department of Public Safety. Advantage counterclaimed for damages and
attorney's fees, crediting Housour with the $200 May 1 payment. Housour responded to
the counterclaim by asserting the affirmative defenses of accord and satisfaction and
release. Both filed motions for summary judgment. Housour later filed a motion
requesting a continuance arguing that he needed additional time to obtain further
discovery concerning revisions Advantage had made to the form of its rental contracts.
The trial court denied Housour's motions and granted Advantage's motion for summary
judgment. 

Standard of Review

 Our review of a summary judgment is de novo to determine whether a party's right
to prevail is established as a matter of law. Tex. R. Civ. P. 166a(c); Dickey v. Club Corp.
of Am., 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied); Ortiz v. State Farm Mut.
Auto. Ins. Co., 955 S.W.2d 353, 355 (Tex. App.-San Antonio 1997, writ denied). We take
as true all evidence favorable to the nonmovant, and indulge every reasonable inference
and resolve any doubt in the nonmovant's favor. Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). 

 When the trial court grants one motion for summary judgment and denies the other,
the reviewing court should review the summary judgment evidence presented by both sides
and determine all questions presented. Commissioners Court of Titus County v. Agan, 940
S.W.2d 77, 81 (Tex. 1997). See Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). The
reviewing court should render such judgment as the trial court should have rendered.
Jones, 745 S.W.2d at 900. Each party, though, bears the burden of establishing that it is
entitled to judgment as a matter of law. See Guynes v. Galveston County, 861 S.W.2d 861,
862 (Tex. 1993). 

 A motion for summary judgment must expressly present the grounds on which it is
made, and must stand or fall on these grounds alone. Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 912 (Tex. 1997). See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 204 (Tex. 2002); Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). 
When, as here, a trial court's order granting summary judgment does not specify the
grounds relied upon, the reviewing court must affirm summary judgment if any of the
summary judgment grounds are meritorious. FM Properties Operating Co. v. City of Austin,
22 S.W.3d 868, 872-73 (Tex. 2000); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.
1995). 

 On appeal, Housour presents two issues, questioning first whether the trial court
erred in granting Advantage's motion for summary judgment and denying his, and second
whether it erred in failing to grant his motion for continuance. 

Advantage's Counterclaim for Damages

 Housour first renews on appeal his assertion that Advantage's counterclaim for
damages is barred under the doctrine of release. (6) Advantage's motion for summary
judgment on its counterclaim did not address Housour's contention that Advantage had
released him from further liability under the rental contract by its execution of the Allstate
release and negotiation of the Allstate check. In a response to Housour's motion for
summary judgment, Advantage contended Housour could not have been released by virtue
of the Allstate document for two reasons, first, because neither Advantage nor anyone
acting on its behalf signed the document, and second, in the alternative, because the
document acted only to discharge Allstate from future claims and did not act to release
Housour's individual liability. (7)
 

 Advantage's burden to establish its entitlement to judgment as a matter of law on
its counterclaim necessarily required that it negate Housour's affirmative defense of
release. See DeBord v. Muller, 446 S.W.2d 299, 301 (Tex. 1969). A release is a contract
subject to the rules of contract construction. Williams v. Glash, 789 S.W.2d 261, 264 (Tex.
1990); Loy v. Kuykendall, 347 S.W.2d 726, 728 (Tex.Civ.App.-San Antonio 1961, writ ref'd
n.r.e.). In construing a release, effort is made primarily to ascertain and give effect to the
intention of the parties. Id. at 728. As with other written contracts, the words used in a
release provide the primary guide to the intention of the parties. National Union Fire Ins.
Co. of Pittsburgh, Pa. v. Insurance Co. of North America, 955 S.W.2d 120, 127
(Tex.App.-Houston [14th Dist.] 1997), aff'd sub nom. Keck, Mahin & Cate v. National Union
Fire Ins. Co. of Pittsburgh, Pa., 20 S.W.3d 692 (Tex. 2000). See Coker v. Coker, 650
S.W.2d 391, 393 (Tex. 1983). In this summary judgment record, neither of the grounds
Advantage asserted in opposition to the Allstate document negates the defense of release
as a matter of law. There is summary judgment evidence to support Advantage's
contention the Allstate document was not signed. Coppere Williams, an employee of
Advantage's collection agency Alternative Claims Management, L.L.C., handled
Advantage's claims against Housour, and the discussions with Allstate. One of the two
affidavits signed by Williams appearing in the record says the copy of the release she sent
Allstate was "unsigned." But there is controverting evidence. The record contains
documents from Allstate's file, one of which is a copy of the release containing Williams's
signature on the line that appears following the word "undersigned" in the document. As
noted, the document contained no other signature line. In a later affidavit, Williams said
she forwarded the document to Allstate, but "never actually executed this document." The
record also contains deposition testimony in which Williams acknowledged that she signed
her name on the line in the document before returning it to Allstate. The summary
judgment record does not establish that the Allstate release went unsigned. 

 The difficulty with Advantage's second ground of opposition to Housour's release
defense, by which Advantage contended the Allstate document was intended to benefit
Allstate only, is that the document does not name Allstate as a party released, but names
Housour. The language of the document stating that it released Housour raises an
inference precluding summary judgment against him on that issue. See Loy, 347 S.W.2d
at 728. Advantage did not meet its burden of establishing as a matter of law its entitlement
to judgment on its counterclaim in the face of Housour's affirmative defense of release. 

 Too, the summary judgment evidence concerning the circumstances surrounding
Advantage's delivery of the release to Allstate, including the evidence of Advantage's
concurrent negotiations with Housour, raises inferences that prevent summary judgment
for Housour on his release defense. See id. 

Housour's Breach of Contract Claim

 Housour's remaining arguments in support of his first issue on appeal contend that
the trial court should have granted him summary judgment on his claims against
Advantage. We begin with his breach of contract claim. (8) The parties' arguments focus on
paragraphs 5 and 6 of the printed Terms and Conditions of the car rental contract. 

 Paragraph 5 provided, in part, "Renter is responsible for and agrees to reimburse
[Advantage] for the actual cash value of all damages in repairing and/or replacing the
rented vehicle . . . ." Paragraph 5 provided for limitations on the renter's responsibility for
damage to the vehicle through purchase of a Loss Damage Waiver. It is undisputed
Housour did not purchase the Loss Damage Waiver option. (9) The paragraph further stated,
"If Renter(s) declines [Loss Damage Waiver] options, Renter(s) shall be responsible for all
damages, any related expenses and fees, and/or loss of [Advantage's] vehicles, regardless
of fault, and agrees to present a claim to his/her automobile insurance carrier and to be
personally liable and pay for all such losses, and/or diminished value of vehicle regardless
of whether [Advantage] elects to repair vehicle."

 Paragraph 6 read as follows: 

BODILY INJURY AND PROPERTY DAMAGE RESPONSIBILITY TO THIRD
PARTIES: Renter(s) agrees to provide primary coverage and/or financial
responsibility for bodily injury and property damage to third parties. Provided
Renter(s) is in full compliance of all the terms and conditions of this
agreement, the Company may provide financial responsibility for bodily injury
and property damage claims asserted by third parties against Renter(s), in
an amount equal to, but not in excess of, statutory minimum limits as
required by the applicable motor vehicle financial responsibility laws of the
state in which the vehicle was rented. In the event of a claim by third party
hereunder the Company's obligation for financial responsibility shall be
EXCESS over any valid and collectible insurance available to Renter(s), but
not to exceed statutory minimum limits, unless otherwise specifically agreed
to in writing by the Company. Any insurance available to the Renter(s) shall
inure to the benefit of the Company insofar as the Company is obligated
under financial responsibility laws of the state where the vehicle is operated. 



 Housour's second amended original petition contains the allegation that Advantage's
ownership of vehicles in Texas requires it to comply with our state's financial responsibility
laws. The petition quotes paragraph 6 of the rental contract, and concludes, "Thus, by
reason of the [financial responsibility laws] and [Advantage's] rental agreement,
[Advantage] agreed to provide to Housour basic minimum limits of property damage liability
in the amount of $15,000.00." The petition goes on to allege that had Advantage's "limits
been paid in addition to Housour's carrier's, all third-party claims would probably have been
extinguished with the two policies' available limits." Advantage's "failure to pay its limits to
the third parties," the petition further alleges, "exposed Housour to personal liability for
these claims." Housour's motion for summary judgment repeated the assertions. 
Advantage's motion for summary judgment contended that paragraph 6 of the rental
contract obligates Advantage to provide "excess financial responsibility" only for the benefit
of third parties. It argued Housour is not a third party, and its obligation under paragraph
6 never came into play because the only third party claimant, Southwestern Bell, was paid
by Housour's carrier Allstate. Advantage also pointed to the provisions of paragraph 5
imposing liability on Housour for damages to the vehicle. 

 Housour relies on Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc., 796
S.W.2d 763 (Tex.App.-Dallas 1990, writ denied), in which the court was dealing with the
question whether Budget's car rental contract provided its renter "other insurance" under
the terms of the renter's personal Hartford policy. Budget's contract called for Budget to
provide "liability coverage . . . in accordance with the standard provisions of a Basic
Automobile Liability Insurance Policy." Hartford, 796 S.W.2d at 769. Budget's contract also
provided that its liability coverage would "be used before any other insurance available to
Renter." Id. at 765. Citing that and other contract language, the court concluded Budget
had contracted to provide automobile liability insurance coverage to its renter, and that
obligation was not affected by Budget's decision to operate under a certificate of self-
insurance rather than purchase insurance coverage. Paragraph 6 of Advantage's contract
with Housour does not impose on Advantage obligations like those undertaken by Budget. 
See Rice v. Alamo Rent-A-Car, Inc., 987 S.W.2d 231, 234 (Tex.App.-Beaumont 1999, pet.
denied) (also distinguishing the language in Budget's contract). (10) 

 Moreover, Housour's contention the rental contract obligated Advantage to pay
Southwestern Bell's third-party claim, otherwise payable by Housour's Allstate policy, is
untenable. Paragraph 6 clearly obligated Housour to provide primary coverage for
Southwestern Bell's claim, and equally clearly states that any obligation of Advantage to
satisfy claims of third parties like Bell is excess over any valid and collectible insurance
available to Housour. Further, nothing in paragraph 6 vitiated the obligation Housour
undertook under paragraph 5 to bear responsibility for damages to the vehicle. 

 Nor did Advantage's possession of a certificate of self-insurance impose on it the
obligation to act as Housour's insurer. The Motor Vehicle Safety Responsibility Act does
not require a self-insurer generally to assume the duties of an insurer. See Hertz Corp. v.
Robineau, 6 S.W.3d 332, 336 (Tex.App.-Austin 1999, no pet.); Rice v. Alamo Rent-A-Car,
Inc., 987 S.W.2d at 234. See also Allstate v. Zellars, 462 S.W.2d 550, 552 (Tex. 1970);
Home Indem. Co. v. Humble Oil & Ref. Co., 314 S.W.2d 861, 865 (Tex.Civ.App.-Dallas,
1958) writ ref'd n.r.e., 317 S.W.2d 515 (Tex. 1958). 

 The trial court did not err in granting Advantage summary judgment against
Housour's breach of contract claim.

Housour's Insurance Code and DTPA Claims

 Housour's pleadings alleged that Advantage's actions toward him violated
Sections 4(1), 4(10) and 4(11) of former Article 21.21 of the Insurance Code, (11) which
relate to misrepresentations and false advertising of policy contracts, unfair settlement
practices with respect to a claim by an insured or beneficiary, and misrepresentation of
an insurance policy, and violated Sections 17.46(23), 17.50(a)(3) and 17.50(a)(4) of the
DTPA. (12) "Specifically," he alleged, "for each violation, [Advantage] failed to disclose to
Housour that it had no intention of providing the property damage liability under the
contract and that there was property damage coverage." Advantage's motion for
summary judgment asserted that Article 21.21 applies to those engaged in the business
of insurance, and has no application to self-insured car rental companies like
Advantage. It also argued that its rental contract with Housour contains no property
damage liability coverage. 

 Housour's Insurance Code and DTPA claims are based on the contentions that
the rental contract obligated Advantage to provide him property damage liability
coverage, and Advantage thus was acting as an insurer. We have concluded that the
rental contract did not impose on Advantage the obligation to provide insurance
coverage. Since Advantage did not undertake that obligation, it follows that Advantage
did not incur liability to Housour by any failure to disclose its intentions with respect to it. 
Further, neither Hartford Casualty, 796 S.W.2d 763, nor the other cases to which
Housour cites us provide support for a holding that Advantage's mere possession of a
certificate of self-insurance means that it is acting as an insurer under article 21.21. (13) 

Attorney's Fees

 Housour's last argument concerning the grant of summary judgment to Advantage
is a contention that it presented insufficient proof to support the award of attorney's fees. 
Advantage's pleadings asserted entitlement to attorney's fees under the terms of the car
rental contract, and under Section 38.001 of the Texas Civil Practice & Remedies Code
because its suit was on a contract. (14) We do not reach Housour's contention because our
reversal of the trial court's judgment awarding damages to Advantage requires also
reversal of the award of attorney's fees. See Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390
(Tex. 1997). 

Continuance

 Housour's second issue argues that the trial court erred in not granting his motion
for continuance. Relying on Tenneco Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647
(Tex. 1996), and Laughlin v. Bergman, 962 S.W.2d 64 (Tex.App.-Houston [1st Dist.] 1997,
pet. denied), Housour argues he did not have adequate opportunity for discovery regarding
a revision to Advantage's form of rental contract made after this suit was filed. A decision
to grant or deny a motion for continuance is within the trial court's sound discretion. Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). The trial court's action in denying a
continuance will not be disturbed unless the record discloses a clear abuse of discretion.
Id. We agree with Advantage that later revisions made to its rental contract are not
sufficiently material to the claims made by Housour to demonstrate that the trial court
abused its discretion in denying the motion for continuance. See Laughlin, 962 S.W.2d at
65-66. 


Conclusion

 Except as otherwise stated, Housour's issues are overruled. The trial court's
judgment granting Advantage a money judgment, interest and attorney's fees against
Housour is reversed and Advantage's counterclaim is remanded to the trial court. 
Otherwise, the judgment of the trial court is affirmed.

 

 James T. Campbell

 Justice


1. [1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. [2]TXU Utilities also sustained damage to an electric pole in the amount of $2,345. The
record reflects that Housour personally paid TXU $800. Neither TXU nor Southwestern Bell
is a party to this litigation, nor does it appear that either has made further efforts to collect
from Housour or Advantage.
3. [3]Alternative Claims Management, L.L.C., handled the damage claims on behalf of
Advantage. Its employees negotiated with Allstate and Housour. No issue is raised
concerning the company's authority to act on behalf of Advantage. In this opinion, we
attribute actions taken by Alternative Claims Management to Advantage.
4. [4]Appellant's Deceptive Trade Practices Act (DTPA) claims are pursuant to Texas Business
and Commerce Code Annotated §§ 17.46(23), 17.50(a)(3) and 17.50(a)(4) (Vernon 2002
& Supp. 2004). 
5. [5]The Texas Motor Vehicle Safety Responsibility Act requires proof of financial responsibility
as a condition of operating a motor vehicle in the state. Tex. Transp. Code Ann. § 601.051
(Vernon 1999). An entity that has more than 25 vehicles registered in its name can meet
the requirement by qualifying as a self-insurer and obtaining a certificate issued by the
Department of Public Safety. §§ 601.051(5), 601.124.
6. [6]Housour's statement of the issue in his brief also asserts the counterclaim was barred
under the doctrine of accord and satisfaction. His argument, though, relates only to
release. Compare Jenkins v. Henry C. Beck Co., 449 S.W.2d 454, 455 (Tex. 1969) (accord
and satisfaction) with McMillen v. Klingensmith, 467 S.W.2d 193, 195 (Tex. 1971) (release).
7. [7]The one-page release provided by Allstate, an unusual document containing no signature
lines at the document's end, reads as follows:


FULL AND FINAL SETTLEMENT AND RELEASE AGREEMENT


FOR THE SOLE CONSIDERATION OF $ NINE THOUSAND SEVEN HUNDRED EIGHTY
DOLLARS ($9,780.00), as full and final payment, the receipt and sufficiency whereof is
hereby acknowledged, the undersigned, _____________________, Alternative Claims
Management, L.L.C.-which represent: ADVANTAGE RENT-A-CAR HEREBY RELEASES
AND FOREVER DISCHARGES THE INSURER, JEFFREY HOUSOUR and it's agents,
officers, claims adjusters, independent adjusters, private investigations (sic), attorney, and
all other persons, firms, parties and corporations that might be in privity with them, whether
named herein or not, all and each of them, of and from all CLAIMS, DEMANDS,
DAMAGES, ACTIONS, CAUSES OF ACTION FOR ACTUAL OR PUNITIVE DAMAGES,
SUITES (sic), RIGHTS OF RECOVERY of any kind or nature whatsoever, including
prejudgment interest and attorney's fees, which have resulted from the collision/liability loss
suffered by Insured at Highway 79, in Wichita Falls, Texas, or elsewhere, which is alleged
to have occurred on or about January 12, 2001, or rights of action under the Texas
Deceptive Trade Practice Act, Texas Insurance Code Provisions or in tort for any breach
of the implied covenant of good faith or fair dealing or any other type of bad faith tort claims
or extra-contractual damage claims which exist or might be asserted against the parties
released herein, or any other losses which now exist or might be claimed against policy
516073551 or which have arisen due to any investigation, acts, communications,
Examinations Under Oath, or legal actions or otherwise relating to the investigation or
handling of said claim/case.


Liability against Insurer and all other persons and firms above-mentioned is expressly
denied; the consideration for this Release is contractual and not a mere recital; the
payment hereunder represents a compromise settlement of an uncertain, doubtful or
disputed claim and right of recovery, both in contract and tort, and is made to avoid the
trouble and expense of litigation or appeals.

8. [8]Housour's brief on appeal presents a single argument combining its discussion of his
breach of contract, Insurance Code bad faith, and DTPA claims. 
9. [9]See Tex. Rev. Civ. Stat. Ann. art. 9026 (Vernon Supp. 1997).
10. [10]Housour also cites Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch., 444
S.W.2d 583 (Tex. 1969), arguing that the rule of repugnancy there discussed requires that
coverage both from Allstate and Advantage be made available to pay all claims asserted
against him. Even assuming, arguendo, that concept had application here, we could not
agree that Housour has been subjected to repugnant conditions in his Allstate policy and
the Advantage rental contract. Allstate paid its policy limits to Advantage and Southwestern
Bell, the only two claimants making claims against Housour.
11. [11]Tex. Ins. Code Ann. art. 21.21 § 4(1), (10) and (11) (Vernon Supp. 2004). Recodified,
effective April 1, 2005, in Tex. Ins. Code Ann. §§ 541.051-.061 (Vernon 2004). Act of June
21, 2003, 78th Leg., R.S., ch. 1274, 2003 Tex. Gen. Laws 3659-63.
12. [12]Housour's petition also alleged Advantage violated Article 21.55 of the Insurance Code. 
Tex. Ins. Code Ann. art. 21.55 (Vernon Supp. 2004). Recodified, effective April 1, 2005, in
Tex. Ins. Code Ann. §§ 542.051-.054. Act of June 21, 2003, 78th Leg., R.S., ch. 1274, 2003
Tex. Gen. Laws 3676-80.
13. [13]Advantage's brief on appeal contains broad statements, unsupported by authority, to the
effect that self-insured rental car companies are not subject to the Insurance Code. Our
affirmance of summary judgment for Advantage on Housour's Insurance Code claims
should not be taken as general agreement with that broad proposition. See, e.g., Tex. Ins.
Code Ann. art. 21.09 § 2. Recodified effective April 1, 2005, in Tex. Ins. Code Ann. §§
4055.014, 4055.051-.053. Act of June 21, 2003, 78th Leg., R.S., ch. 1274, 2003 Tex. Gen.
Laws 4095-96. 
14. [14]Advantage's pleadings also asked for attorney's fees under § 17.50(c) of the DTPA. The
trial court was not asked to make the findings predicate to an award of attorney's fees
under that statute.