NO. 07-03-0123-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 16, 2005

_____

JEFFERY HOUSOUR, APPELLANT

V.

SOUTHWEST TEX LEASING CO., INC., APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-515,925; HONORABLE SAM MEDINA, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Jeffery Housour appeals from a judgment denying his motion for summary judgment and granting the motion for summary judgment of Southwest Tex Leasing Co., Inc. d/b/a Advantage Rent-A-Car. We reverse the trial court's judgment insofar as it granted

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Advantage a money judgment including attorney's fees against Housour, and remand Advantage's claims, but affirm the judgment of the trial court in all other respects.

In January 2001, Housour was involved in a one-vehicle accident while driving a vehicle he had rented from Advantage. As a result of the accident the vehicle was a total loss. A utility pole and a switch box owned by Southwestern Bell Telephone Company were also damaged. Advantage made a demand on Housour for $21,525.28 in damages to the vehicle. Southwestern Bell alleged $11,501.83 in damages to its property.

Housour carried a personal auto policy issued by Allstate Property & Casualty Insurance Company, with property damage liability limits of $15,000 per accident. Allstate paid the claims of Southwestern Bell and Advantage on a pro rata basis, paying Advantage $9,780 and Southwestern Bell, $5,220.[2] The wrecked vehicle was sold as salvage for $850.

The record reflects that on April 23, 2001, Housour orally agreed with a representative of Advantage[3] to pay $11,745.58, the agreed balance due for damages to the vehicle, by making payments of $200.00 per month. Advantage sent Housour a "letter of agreed responsibility" reflecting this agreement, signed by a representative of

[2]TXU Utilities also sustained damage to an electric pole in the amount of $2,345. The record reflects that Housour personally paid TXU $800. Neither TXU nor Southwestern Bell is a party to this litigation, nor does it appear that either has made further efforts to collect from Housour or Advantage.

[3]Alternative Claims Management, L.L.C., handled the damage claims on behalf of Advantage. Its employees negotiated with Allstate and Housour. No issue is raised concerning the company's authority to act on behalf of Advantage. In this opinion, we attribute actions taken by Alternative Claims Management to Advantage.

Advantage. On May 1, 2001, Housour sent Advantage a $200 payment, but he never signed or returned the letter. He made no further payments.

Allstate required that Advantage execute a release in exchange for its payment of the $9780.00. Following discussions between Allstate and Advantage, Allstate prepared a release and provided it to Advantage. On May 3, 2001, Advantage returned the release to Allstate, whereupon Allstate sent Advantage its check.

In November of 2001 Housour filed suit against Advantage alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act,[4] and breach of contract. Housour contended that under the terms and conditions of the car rental agreement Advantage had obligations of an insurer, including the duties to defend and indemnify him. Advantage met the financial responsibility requirements of the Motor Vehicle Safety Responsibility Act[5] through a certificate of self-insurance issued by the Texas Department of Public Safety. Advantage counterclaimed for damages and attorney's fees, crediting Housour with the $200 May 1 payment. Housour responded to the counterclaim by asserting the affirmative defenses of accord and satisfaction and release. Both filed motions for summary judgment. Housour later filed a motion requesting a continuance

---

[4]Appellant's Deceptive Trade Practices Act (DTPA) claims are pursuant to Texas Business and Commerce Code Annotated §§ 17.46(23), 17.50(a)(3) and 17.50(a)(4) (Vernon 2002 & Supp. 2004).

[5]The Texas Motor Vehicle Safety Responsibility Act requires proof of financial responsibility as a condition of operating a motor vehicle in the state. Tex. Transp. Code Ann. § 601.051 (Vernon 1999). An entity that has more than 25 vehicles registered in its name can meet the requirement by qualifying as a self-insurer and obtaining a certificate issued by the Department of Public Safety. §§ 601.051(5), 601.124.

arguing that he needed additional time to obtain further discovery concerning revisions Advantage had made to the form of its rental contracts. The trial court denied Housour's motions and granted Advantage's motion for summary judgment.

Standard of Review

Our review of a summary judgment is *de novo* to determine whether a party's right to prevail is established as a matter of law. TEX. R. CIV. P. 166a(c)*; Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.–Dallas 2000, pet. denied); *Ortiz v. State Farm Mut. Auto. Ins. Co.*, 955 S.W.2d 353, 355 (Tex. App.–San Antonio 1997, writ denied).  We take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubt in the nonmovant's favor.  *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

When the trial court grants one motion for summary judgment and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).  The reviewing court should render such judgment as the trial court should have rendered. *Jones*, 745 S.W.2d at 900.  Each party, though, bears the burden of establishing that it is entitled to judgment as a matter of law. *See Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex. 1993).

A motion for summary judgment must expressly present the grounds on which it is made, and must stand or fall on these grounds alone.  *Science Spectrum, Inc. v. Martinez*,

941 S.W.2d 910, 912 (Tex. 1997). *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). When, as here, a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

On appeal, Housour presents two issues, questioning first whether the trial court erred in granting Advantage's motion for summary judgment and denying his, and second whether it erred in failing to grant his motion for continuance.

Advantage's Counterclaim for Damages

Housour first renews on appeal his assertion that Advantage's counterclaim for damages is barred under the doctrine of release.[6] Advantage's motion for summary judgment on its counterclaim did not address Housour's contention that Advantage had released him from further liability under the rental contract by its execution of the Allstate release and negotiation of the Allstate check. In a response to Housour's motion for summary judgment, Advantage contended Housour could not have been released by virtue of the Allstate document for two reasons, first, because neither Advantage nor anyone acting on its behalf signed the document, and second, in the alternative, because the

---

[6]Housour's statement of the issue in his brief also asserts the counterclaim was barred under the doctrine of accord and satisfaction. His argument, though, relates only to release. *Compare Jenkins v. Henry C. Beck Co.,* 449 S.W.2d 454, 455 (Tex. 1969) (accord and satisfaction) *with McMillen v. Klingensmith*, 467 S.W.2d 193, 195 (Tex. 1971) (release).

document acted only to discharge Allstate from future claims and did not act to release Housour's individual liability.[7]

Advantage's burden to establish its entitlement to judgment as a matter of law on its counterclaim necessarily required that it negate Housour's affirmative defense of release. *See DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969). A release is a contract subject to

---

[7]The one-page release provided by Allstate, an unusual document containing no signature lines at the document's end, reads as follows:

FULL AND FINAL SETTLEMENT AND RELEASE AGREEMENT

FOR THE SOLE CONSIDERATION OF $ NINE THOUSAND SEVEN HUNDRED EIGHTY DOLLARS ($9,780.00), as full and final payment, the receipt and sufficiency whereof is hereby acknowledged, the undersigned, _____, Alternative Claims Management, L.L.C.–which represent: ADVANTAGE RENT-A-CAR HEREBY RELEASES AND FOREVER DISCHARGES THE INSURER, JEFFREY HOUSOUR and it's agents, officers, claims adjusters, independent adjusters, private investigations (sic), attorney, and all other persons, firms, parties and corporations that might be in privity with them, whether named herein or not, all and each of them, of and from all CLAIMS, DEMANDS, DAMAGES, ACTIONS, CAUSES OF ACTION FOR ACTUAL OR PUNITIVE DAMAGES, SUITES (sic), RIGHTS OF RECOVERY of any kind or nature whatsoever, including prejudgment interest and attorney's fees, which have resulted from the collision/liability loss suffered by Insured at Highway 79, in Wichita Falls, Texas, or elsewhere, which is alleged to have occurred on or about January 12, 2001, or rights of action under the Texas Deceptive Trade Practice Act, Texas Insurance Code Provisions or in tort for any breach of the implied covenant of good faith or fair dealing or any other type of bad faith tort claims or extra-contractual damage claims which exist or might be asserted against the parties released herein, or any other losses which now exist or might be claimed against policy 516073551 or which have arisen due to any investigation, acts, communications, Examinations Under Oath, or legal actions or otherwise relating to the investigation or handling of said claim/case.

Liability against Insurer and all other persons and firms above-mentioned is expressly denied; the consideration for this Release is contractual and not a mere recital; the payment hereunder represents a compromise settlement of an uncertain, doubtful or disputed claim and right of recovery, both in contract and tort, and is made to avoid the trouble and expense of litigation or appeals.

the rules of contract construction. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990); *Loy v. Kuykendall*, 347 S.W.2d 726, 728 (Tex.Civ.App.–San Antonio 1961, writ ref'd n.r.e.). In construing a release, effort is made primarily to ascertain and give effect to the intention of the parties. *Id*. at 728. As with other written contracts, the words used in a release provide the primary guide to the intention of the parties. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Insurance Co. of North America*, 955 S.W.2d 120, 127 (Tex.App.–Houston [14th Dist.] 1997), *aff'd sub nom. Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692 (Tex. 2000). *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In this summary judgment record, neither of the grounds Advantage asserted in opposition to the Allstate document negates the defense of release as a matter of law. There is summary judgment evidence to support Advantage's contention the Allstate document was not signed. Coppere Williams, an employee of Advantage's collection agency Alternative Claims Management, L.L.C., handled Advantage's claims against Housour, and the discussions with Allstate. One of the two affidavits signed by Williams appearing in the record says the copy of the release she sent Allstate was "unsigned." But there is controverting evidence. The record contains documents from Allstate's file, one of which is a copy of the release containing Williams's signature on the line that appears following the word "undersigned" in the document. As noted, the document contained no other signature line. In a later affidavit, Williams said she forwarded the document to Allstate, but "never actually executed this document." The record also contains deposition testimony in which Williams acknowledged that she signed her name on the line in the document before returning it to Allstate. The summary judgment record does not establish that the Allstate release went unsigned.

The difficulty with Advantage's second ground of opposition to Housour's release defense, by which Advantage contended the Allstate document was intended to benefit Allstate only, is that the document does not name Allstate as a party released, but names Housour. The language of the document stating that it released Housour raises an inference precluding summary judgment against him on that issue. *See Loy*, 347 S.W.2d at 728. Advantage did not meet its burden of establishing as a matter of law its entitlement to judgment on its counterclaim in the face of Housour's affirmative defense of release.

Too, the summary judgment evidence concerning the circumstances surrounding Advantage's delivery of the release to Allstate, including the evidence of Advantage's concurrent negotiations with Housour, raises inferences that prevent summary judgment for Housour on his release defense. *See id.*

Housour's Breach of Contract Claim

Housour's remaining arguments in support of his first issue on appeal contend that the trial court should have granted him summary judgment on his claims against Advantage. We begin with his breach of contract claim.[8] The parties' arguments focus on paragraphs 5 and 6 of the printed Terms and Conditions of the car rental contract.

Paragraph 5 provided, in part, "Renter is responsible for and agrees to reimburse [Advantage] for the actual cash value of all damages in repairing and/or replacing the rented vehicle . . . ." Paragraph 5 provided for limitations on the renter's responsibility for damage to the vehicle through purchase of a Loss Damage Waiver. It is undisputed

---

[8]Housour's brief on appeal presents a single argument combining its discussion of his breach of contract, Insurance Code bad faith, and DTPA claims.

Housour did not purchase the Loss Damage Waiver option.[9] The paragraph further stated, "If Renter(s) declines [Loss Damage Waiver] options, Renter(s) shall be responsible for all damages, any related expenses and fees, and/or loss of [Advantage's] vehicles, regardless of fault, and agrees to present a claim to his/her automobile insurance carrier and to be personally liable and pay for all such losses, and/or diminished value of vehicle regardless of whether [Advantage] elects to repair vehicle."

Paragraph 6 read as follows:

BODILY INJURY AND PROPERTY DAMAGE RESPONSIBILITY TO THIRD PARTIES: Renter(s) agrees to provide primary coverage and/or financial responsibility for bodily injury and property damage to third parties. Provided Renter(s) is in full compliance of all the terms and conditions of this agreement, the Company may provide financial responsibility for bodily injury and property damage claims asserted by third parties against Renter(s), in an amount equal to, but not in excess of, statutory minimum limits as required by the applicable motor vehicle financial responsibility laws of the state in which the vehicle was rented. In the event of a claim by third party hereunder the Company's obligation for financial responsibility shall be EXCESS over any valid and collectible insurance available to Renter(s), but not to exceed statutory minimum limits, unless otherwise specifically agreed to in writing by the Company. Any insurance available to the Renter(s) shall inure to the benefit of the Company insofar as the Company is obligated under financial responsibility laws of the state where the vehicle is operated.

Housour's second amended original petition contains the allegation that Advantage's ownership of vehicles in Texas requires it to comply with our state's financial responsibility laws. The petition quotes paragraph 6 of the rental contract, and concludes, "Thus, by reason of the [financial responsibility laws] and [Advantage's] rental agreement,

---

[9]*See* Tex. Rev. Civ. Stat. Ann. art. 9026 (Vernon Supp. 1997).

[Advantage] agreed to provide to Housour basic minimum limits of property damage liability in the amount of $15,000.00." The petition goes on to allege that had Advantage's "limits been paid in addition to Housour's carrier's, all third-party claims would probably have been extinguished with the two policies' available limits." Advantage's "failure to pay its limits to the third parties," the petition further alleges, "exposed Housour to personal liability for these claims." Housour's motion for summary judgment repeated the assertions. Advantage's motion for summary judgment contended that paragraph 6 of the rental contract obligates Advantage to provide "excess financial responsibility" only for the benefit of third parties. It argued Housour is not a third party, and its obligation under paragraph 6 never came into play because the only third party claimant, Southwestern Bell, was paid by Housour's carrier Allstate. Advantage also pointed to the provisions of paragraph 5 imposing liability on Housour for damages to the vehicle.

Housour relies on *Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 796 S.W.2d 763 (Tex.App.–Dallas 1990, writ denied), in which the court was dealing with the question whether Budget's car rental contract provided its renter "other insurance" under the terms of the renter's personal Hartford policy. Budget's contract called for Budget to provide "liability coverage . . . in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy." *Hartford, 796 S.W.2d at* 769. Budget's contract also provided that its liability coverage would "be used before any other insurance available to Renter." *Id.* at 765. Citing that and other contract language, the court concluded Budget had contracted to provide automobile liability insurance coverage to its renter, and that obligation was not affected by Budget's decision to operate under a certificate of self-

insurance rather than purchase insurance coverage. Paragraph 6 of Advantage's contract with Housour does not impose on Advantage obligations like those undertaken by Budget. *See Rice v. Alamo Rent-A-Car, Inc.*, 987 S.W.2d 231, 234 (Tex.App.–Beaumont 1999, pet. denied) (also distinguishing the language in Budget's contract).[10]

Moreover, Housour's contention the rental contract obligated Advantage to pay Southwestern Bell's third-party claim, otherwise payable by Housour's Allstate policy, is untenable. Paragraph 6 clearly obligated Housour to provide primary coverage for Southwestern Bell's claim, and equally clearly states that any obligation of Advantage to satisfy claims of third parties like Bell is excess over any valid and collectible insurance available to Housour. Further, nothing in paragraph 6 vitiated the obligation Housour undertook under paragraph 5 to bear responsibility for damages to the vehicle.

Nor did Advantage's possession of a certificate of self-insurance impose on it the obligation to act as Housour's insurer. The Motor Vehicle Safety Responsibility Act does not require a self-insurer generally to assume the duties of an insurer. See *Hertz Corp. v. Robineau*, 6 S.W.3d 332, 336 (Tex.App.–Austin 1999, no pet.); *Rice v. Alamo Rent-A-Car, Inc.*, 987 S.W.2d at 234. *See also Allstate v. Zellars*, 462 S.W.2d 550, 552 (Tex. 1970); *Home Indem. Co. v. Humble Oil & Ref. Co.*, 314 S.W.2d 861, 865 (Tex.Civ.App.–Dallas, 1958) *writ ref'd n.r.e.,* 317 S.W.2d 515 (Tex. 1958).

---

[10]Housour also cites *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.*, 444 S.W.2d 583 (Tex. 1969), arguing that the rule of repugnancy there discussed requires that coverage both from Allstate and Advantage be made available to pay all claims asserted against him. Even assuming, arguendo, that concept had application here, we could not agree that Housour has been subjected to repugnant conditions in his Allstate policy and the Advantage rental contract. Allstate paid its policy limits to Advantage and Southwestern Bell, the only two claimants making claims against Housour.

The trial court did not err in granting Advantage summary judgment against Housour's breach of contract claim.

Housour's Insurance Code and DTPA Claims

Housour's pleadings alleged that Advantage's actions toward him violated Sections 4(1), 4(10) and 4(11) of former Article 21.21 of the Insurance Code,[11] which relate to misrepresentations and false advertising of policy contracts, unfair settlement practices with respect to a claim by an insured or beneficiary, and misrepresentation of an insurance policy, and violated Sections 17.46(23), 17.50(a)(3) and 17.50(a)(4) of the DTPA.[12] "Specifically," he alleged, "for each violation, [Advantage] failed to disclose to Housour that it had no intention of providing the property damage liability under the contract and that there was property damage coverage." Advantage's motion for summary judgment asserted that Article 21.21 applies to those engaged in the business of insurance, and has no application to self-insured car rental companies like Advantage. It also argued that its rental contract with Housour contains no property damage liability coverage.

Housour's Insurance Code and DTPA claims are based on the contentions that the rental contract obligated Advantage to provide him property damage liability coverage, and

[11]Tex. Ins. Code Ann. art. 21.21 § 4(1), (10) and (11) (Vernon Supp. 2004). Recodified, effective April 1, 2005, in Tex. Ins. Code Ann. §§ 541.051-.061 (Vernon 2004). Act of June 21, 2003, 78th Leg., R.S., ch. 1274, 2003 Tex. Gen. Laws 3659-63.

[12]Housour's petition also alleged Advantage violated Article 21.55 of the Insurance Code. Tex. Ins. Code Ann. art. 21.55 (Vernon Supp. 2004). Recodified, effective April 1, 2005, in Tex. Ins. Code Ann. §§ 542.051-.054. Act of June 21, 2003, 78th Leg., R.S., ch. 1274, 2003 Tex. Gen. Laws 3676-80.

-12-

Advantage thus was acting as an insurer. We have concluded that the rental contract did not impose on Advantage the obligation to provide insurance coverage. Since Advantage did not undertake that obligation, it follows that Advantage did not incur liability to Housour by any failure to disclose its intentions with respect to it. Further, neither *Hartford Casualty,* 796 S.W.2d 763, nor the other cases to which Housour cites us provide support for a holding that Advantage's mere possession of a certificate of self-insurance means that it is acting as an insurer under article 21.21.[13]

## Attorney's Fees

Housour's last argument concerning the grant of summary judgment to Advantage is a contention that it presented insufficient proof to support the award of attorney's fees. Advantage's pleadings asserted entitlement to attorney's fees under the terms of the car rental contract, and under Section 38.001 of the Texas Civil Practice & Remedies Code because its suit was on a contract.[14] We do not reach Housour's contention because our reversal of the trial court's judgment awarding damages to Advantage requires also

---

[13]Advantage's brief on appeal contains broad statements, unsupported by authority, to the effect that self-insured rental car companies are not subject to the Insurance Code. Our affirmance of summary judgment for Advantage on Housour's Insurance Code claims should not be taken as general agreement with that broad proposition. *See, e.g.*, Tex. Ins. Code Ann. art. 21.09 § 2. Recodified effective April 1, 2005, in Tex. Ins. Code Ann. §§ 4055.014, 4055.051-.053. Act of June 21, 2003, 78th Leg., R.S., ch. 1274, 2003 Tex. Gen. Laws 4095-96.

[14]Advantage's pleadings also asked for attorney's fees under § 17.50(c) of the DTPA. The trial court was not asked to make the findings predicate to an award of attorney's fees under that statute.

reversal of the award of attorney's fees. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

## Continuance

Housour's second issue argues that the trial court erred in not granting his motion for continuance. Relying on *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996), and *Laughlin v. Bergman*, 962 S.W.2d 64 (Tex.App.–Houston [1st Dist.] 1997, pet. denied), Housour argues he did not have adequate opportunity for discovery regarding a revision to Advantage's form of rental contract made after this suit was filed. A decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). The trial court's action in denying a continuance will not be disturbed unless the record discloses a clear abuse of discretion. *Id*. We agree with Advantage that later revisions made to its rental contract are not sufficiently material to the claims made by Housour to demonstrate that the trial court abused its discretion in denying the motion for continuance. *See Laughlin*, 962 S.W.2d at 65-66.

## Conclusion

Except as otherwise stated, Housour's issues are overruled. The trial court's judgment granting Advantage a money judgment, interest and attorney's fees against

Housour is reversed and Advantage's counterclaim is remanded to the trial court. Otherwise, the judgment of the trial court is affirmed.


James T. Campbell
Justice